**In the Matter of Theodore W. SPONG, Debtor.**

**Raymond J. PAULEY, Plaintiff,**

v.

**Theodore W. SPONG, Defendant.**

**Bankruptcy No. 79–24048. AP 79–2006A.**

United States Bankruptcy Court, W. D. New York.

April 24, 1980.

Kenneth L. Bennett, Rochester, N.Y., for plaintiff.

Woods, Oviatt, Gilman, Sturman & Clarke, by Gary F. Amendola, Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiff in this matter is an attorney and represented the debtor's former spouse in a matrimonial action. As a result of that matrimonial action, the plaintiff, was awarded legal fees by the State Court of $10,000 and defendant was required to pay $4,000 plus costs of $626.14. Defendant was also directed to pay additional debts totaling over $39,470 incurred by him and his former wife. Defendant earns about $25,000 per year according to the schedules. Plaintiff has commenced an action in his own name to have the debt to him and the debt to the other creditors declared nondischargeable under § 523(a)(5). A Motion for Summary Judgment was made by the defendant on the grounds that under the new Code such debts are dischargeable as a matter of law and the plaintiff did not have standing to bring all of the actions which he did. The plaintiff has countered by moving under Rule 720 to add the wife as a party plaintiff. Both Motions have been argued. Briefs have been submitted and the case has been submitted to the Court for decision.

Under the Act, § 17(a)(7) read as follows: A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (7) are for alimony due or to become due, or for maintenance of support of wife or child . .

In New York State, under existing law and the former Bankruptcy Act, the attorney's fees owing to an attorney for representing a wife in a matrimonial matter were considered alimony and hence were not dischargeable. The former Bankruptcy Act left determination of what was alimony to the various states.

Under the Code, § 523(a)(5), the exception to discharge has been changed to read as follows:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The language that we now have in the Code is a result of a compromise. If you recall, H.R. 8200 read as follows:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child.

The wording of the Senate bill, S. 2266, was slightly different and follows:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(6) any liability to a spouse or child for maintenance or support, or for alimony due or to become due, in connection with a separation agreement or divorce decree. A debt shall not be excepted from discharge, however, solely because the spouse is obligated in any manner to pay the debt, and except that if such maintenance, support or alimony award includes liability for debts accrued prior to the separation agreement or divorce decree then the court may determine that such debts may be discharged.

The Senate Judiciary Committee Report which accompanied S. 2266 contained the following comments:

Paragraph (6) excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (42 U.S.C. 656(b)) by section 326 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. The proviso, however, makes nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations as to whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.[1]

Because of the difference between the House and Senate bill, § 523(a)(5) was amended to read as it now does. After the House and the Senate debates on the final version of H.R. 8200, the compromise was explained in a joint explanatory statement by the floor managers and it follows:

Section 523(a)(5) is a compromise between the House bill and the Senate amend-

---

1. Notes of the Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News (1978), pp. 5787, 5865.

622

ment. The provision excepts from discharge a debt owed to a spouse, former spouse or child of the debtor, in connection with a separation agreement, divorce decree, or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse or child.[2]

In discussing this Section, *Collier on Bankruptcy*, Vol. 3, ¶ 523.15[1] says:

The congressional intent makes clear that what constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not State law . . .

Collier's goes on to state that where State law defines attorney's fees and costs as alimony, it is not binding on the Bankruptcy Court. Collier makes the further observation that such debts would appear to be part of the alimony award.

Going to the case at bar, if Congress had adopted the Senate version, (supra), there is no question that under the codification of *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642, the debts here attempted to be enforced by the plaintiff would be dischargeable.

■ But Congress compromised by setting up a federal standard for the enforcement of alimony (see 3 *Collier on Bankruptcy* ¶ 523.15[1]). Under this standard in § 523(a)(5), they set up a twofold test for the dischargeability of alimony, maintenance or support.

The first test which the alimony, maintenance or support must meet is that it must be payable to a spouse, former spouse and or child. Here all the payments fail this test. The second test is that it must be actually of the nature of alimony, mainte-

nance or support. The payments to all the creditors, except Pauley, fail this test. These claims are of the nature of property settlements rather than of alimony, maintenance or support.

Finally, they frustrate the will of Congress to provide impoverished debtors with a fresh start, by permitting State courts to effectively nullify the will of Congress by imposing their own standards of dischargeability on individual debtors who may at some time appear before them.

■ Furthermore, debts which are not owing directly to a wife or child are sought to be preserved for the creditors by an action brought in the name of an attorney creditor. He cannot do this under Rule 409 of the Bankruptcy Rules (see 1A *Collier on Bankruptcy* ¶ 17.28A[2] (14th ed. 1978)), because he does not have standing to bring the action (*Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636).

■ As a matter of law, the Court finds that the debt from Spong to Pauley and from Spong to the other creditors are dischargeable.

The attorney in his effort to cure his action, seeks to add the wife under Rule 720. This Motion is made under the wrong section because if Pauley is seeking to add Shirley Spong as an additional plaintiff, he should move under Rule 721 and if she is seeking to join as an additional plaintiff, she should move under Rule 724. In light of the ruling set forth above, the Motion is denied.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.

2. House Debates 9–28–78; Senate Debates 10–6–78.