**In Re Timothy Byron CRAWFORD, Debtor.**

**Katie M. CRAWFORD, Plaintiff,**

v.

**Timothy Byron CRAWFORD, Defendant.**

**Bankruptcy No. 80–20999.**

**Adv. No. 80–0207.**

United States Bankruptcy Court, D. Kansas.

Jan. 26, 1981.

William D. Wingfield, Shawnee Mission, Kan., for plaintiff.

John J. Bukaty, Jr., Kansas City, Kan., for debtor-defendant.

F. Stannard Lentz, Shawnee Mission, Kan., Trustee.

## MEMORANDUM AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on December 17, 1980, upon the complaint of Katie M. Crawford, plaintiff, and former spouse of defendant, Timothy Byron Crawford.

The plaintiff was represented by William D. Wingfield, of the firm of Wexler & Wingfield. The defendant was represented by John J. Bukaty, Jr., of the firm of Williamson, Cubbison & Hardy.

The facts are not in dispute. Both attorneys agree to the authenticity of the divorce decree, a copy of which is attached to the complaint filed herein; both agree that

the plaintiff paid the full attorney's fee to her attorney, and now in effect, seeks reimbursement for the fees so paid.

The Court, after hearing arguments of counsel, considering the stipulations, and examining the pleadings filed herein, finds as follows:

1. That the Court has jurisdiction over the parties and the subject matter.

2. That on May 8, 1980, a Decree of Divorce was filed in the District Court of Wyandotte County, Kansas, Case No. 79 D 8643, entitled "Timothy Crawford vs. Katie Mae Crawford" and provided in pertinent part as follows:

"8. A judgment is hereby entered against the plaintiff in the amount of $350.00 as and for attorney's fees due and owing to defendant's attorney and a judgment is hereby entered against the plaintiff in the amount of $235.00 as for moving expenses of the defendant."

3. 11 U.S.C. § 523(a) states in pertinent part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
    *    *    *    *    *    *
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ;"

4. H.R. Report No. 95–959, 95th Congress, 1st Sess. p. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320, states in pertinent part, as follows:

"... What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law."

In *Monday v. Allen*, 4 B.R. 617, 6 B.C.D. 576, 577, E.D.Tenn. (Bkrtcy.1980), the Court stated:

"*Section 523(a)(5) excepts from discharge any debt to a spouse or former spouse for alimony, maintenance, or support, except to the extent that 'such debt is assigned to another entity, voluntarily, by operation of law, or otherwise.'*

'*This language [§ 523(a)(5)] ... will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent.*' H.R. Report No. 95–595, 95th Cong., 1st Sess. 364 (1977)

.    .    .    .    .

'*The purpose of this limitation is to prevent persons other than the debtor's spouse and children from obtaining this privileged status.*' Bankr.L.Ed., Debtor's Duties and Benefits, § 22.34."

*    *    *    *    *    *

"*Mrs. Allen cannot prevail, however, as to the debts that the defendant was ordered to pay to Dr. Diftler and Dr. Cobb. Section 523(a)(5)(A) specifically excludes debts that are assigned to another entity, 'voluntarily, by operation of law, or otherwise.'*"

On page 578, the Court further stated:

"*For the same reason the debt owing to the plaintiff Settlemire as attorney fee is within the exception, and is dischargeable in bankruptcy. The judgment in the State Court directed the defendant to pay the designated sum directly to the attorney, clearly a debt assigned to another entity.*[10]

*    *    *    *    *    *

[10] '*Entity' includes person, estate, trust, governmental unit. § 11 U.S.C. 101(14) (1978).*"

The Court finds in the instant case that paragraph 8 of the divorce decree clearly shows that the judgment was for attorney's fees due and owing to defendant's attorney, which is in effect, a debt assigned to another entity; therefore, the $350.00 is dischargeable in bankruptcy.

Further, the decree herein failed to direct the debtor to pay the attorney's fee directly to the former spouse and thus fails to meet the § 523(a)(5) requirements "to the spouse" in order to be held nondischargeable. *In Re Daiker*, 5 B.R. 348 (1980 B.C. Bkrtcy.D.C. Minn.).

The Court finds that the $235.00 "as and for moving expenses" is maintenance for the former spouse, is payable directly to her, and therefore is not dischargeable in bankruptcy.

IT IS SO ORDERED.