In re Steven Gerard RANK, a/k/a
Steve Rank, Debtor.

Philip H. SCHWARZ, of McMullin, Wilson & Schwarz, A Partnership engaged in the practice of law, Plaintiff,

v.

Steven Gerard RANK, Defendant.

Bankruptcy No. 81–20040.
Adv. No. 81–0076.

United States Bankruptcy Court,
D. Kansas.

July 1, 1981.

Philip H. Schwarz, of McMullin, Wilson & Schwarz, Kansas City, Mo., Charles R. Wilson, Prairie Village, Kan., local counsel, for plaintiff.

Joe Don Butcher, Independence, Mo., Davy C. Walker, Kansas City, Kan., local counsel, for defendant.

F. Stannard Lentz, Shawnee Mission, Kan., Trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on June 18, 1981, upon the complaint of Philip H. Schwarz, plaintiff, and attorney for the former spouse of the defendant, Steven Gerard Rank. The plaintiff, of the firm, McMullin, Wilson & Schwarz, appeared pro se. The defendant was represented by Joe Don Butcher, of Lawrence E. Tittle, Professional Corporation.

## FINDINGS OF FACT

The facts are not in dispute. The Court, after hearing arguments of counsel, considering the stipulations, and examining the pleadings filed herein, finds as follows:

1. That the Court has jurisdiction over the parties and the subject matter.

2. That on September 18, 1980, a Decree of Dissolution was filed in the Sixteenth Judicial Circuit of Jackson County, Missouri, Case No. 80–05187, entitled "*Kathleen A. Rank vs. Steven G. Rank*". The decree provided in pertinent part as follows:

> "... *The Court further finds that Petitioner has been unable to support herself or pay attorney fees during the pendency*

*of this suit, in that the Petitioner is in need of some maintenance.*

\* \* \* \* \* \*

*IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:*

\* \* \* \* \* \*

*3. That the Respondent shall pay to the Petitioner the sum of One Thousand Dollars ($1,000.00) as and for maintenance in gross, and that if he fail to do so, execution will issue against him.*

*4. That the Respondent shall pay to Philip H. Schwarz, the Petitioner's attorney, the sum of Five Hundred Dollars ($500.00), as attorney fees in this action, and in default thereof, execution shall issue against Respondent."*

3. That no part of the $500.00 was ever paid. Defendant filed a voluntary Chapter 7 petition on January 14, 1981. He listed Schwarz as an unsecured creditor to the extent of $500.00. Schwarz filed a Complaint to determine the dischargeability of this debt.[1]

### ISSUES INVOLVED

I. WHETHER THE ATTORNEY FEE AWARD WAS IN THE NATURE OF ALIMONY, MAINTENANCE OR SUPPORT, SUCH THAT THE FEE IS NONDISCHARGEABLE.

II. WHETHER THE ATTORNEY FEE AWARD TO PHILIP H. SCHWARZ IS AN ASSIGNMENT OF THE DEBT TO ANOTHER ENTITY SUCH THAT THE FEE IS DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5)(A).

### CONCLUSIONS OF LAW

Section 523(a) of the Bankruptcy Code states in pertinent part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—\* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

### I.

This Court is not bound by state law characterizations, because, "... *What constitutes alimony, maintenance or support, will be determined under the bankruptcy laws* ..." H.R. Report No. 95–595, 95th Congress, 1st Sess. pg. 364, U.S. Code Cong. & Admin. News, 5787 (1977). However, most courts look to state law as an aid in determining the purpose of the particular award.

■ Missouri law is persuasive here, as this attorney fee award is part of a Missouri dissolution decree. In *Dyche v. Dyche*, 570 S.W.2d 293, 296 (Mo.1978), the Missouri Supreme Court refused to find that attorney fees constituted "support" as a matter of law. The court construed the new Missouri Dissolution of Marriage Act, V.A.M.S. § 452.300 et seq., to mean:

"... *the authority to award attorney's fees is no longer premised on the authori-*

---

**1.** *It is not altogether clear that plaintiff, Philip H. Schwarz, is the proper party to bring this complaint to determine the dischargeability of a debt. Although this Circuit and this Court have not heretofore spoken, other Bankruptcy Courts have addressed this issue. Those courts held that where the debtor owed his former spouse's attorney for services rendered in connection with the debtor's divorce proceeding, that attorney was not an appropriate party to bring a complaint objecting to the discharge of that debt. Matter of Gwinn, 8 B.R. 905 (Bkrtcy.D.Nev.1981); In Re Delillo, 5 B.R. 692, 2 C.B.C.2d 1045 (Bkrtcy.D.Mass.1980); Matter of Spong, 3 B.R. 619, 1 C.B.C.2d 1104 (Bkrtcy.W.D.N.Y. 1980).*

ty of the Court to award alimony, and it is not premised on the authority to award maintenance or child support ... The authority to award attorney's fees now results from an independent and separate statute, and as such is not an 'order ... for the support of any person.'"

*Dyche* was expressly not applicable to cases arising in a bankruptcy setting, however. *Dyche* involved interpreting what was "support" in the context of the state garnishment statute, V.A.M.S. § 525.030 et seq. That statute put a ceiling on the amount of wages that could be garnished, except that the ceiling did not apply in the case of "any order of any court for the support of any person." Thus, the court said its holding applied to cases pertaining to the manner or means of collecting a debt; but not to cases pertaining to the existence or preservation of a debt under bankruptcy law.

Where the issue arose in a bankruptcy setting, the Missouri Court of Appeals found that the attorney fee award was nondischargeable support, since the award was based on the debtor's spouse's inability to pay her attorney's fees. *Southern v. Southern*, 614 S.W.2d 313 (Mo.App.1981).

This Court concludes that the attorney fee award in the instant case is in the nature of alimony, maintenance or support. The decree clearly sets out the purpose of the attorney fee award:

"The Court further finds that Petitioner has been unable to support herself or pay attorney fees during the pendency of this suit, in that the Petitioner is in need of some maintenance."

Thus, on these facts, the attorney fee award is nondischargeable under § 523(a)(5).

## II.

This Court held in *In re Crawford*, 8 B.R. 552 (Bkrtcy.D.Kan.1981), that the attorney fee award, since it was not awarded directly to the debtor's spouse, was dischargeable because it had been "assigned to another entity". In the instant case, the fees were awarded directly to the spouse's attorney. Arguably, then, under *Crawford*, the instant attorney fee award would be dischargeable, as an assignment of the debt to another entity.

However, the facts in this case are significantly distinguishable from the *Crawford* facts. In *Crawford*, this Court found that the fees were dischargeable because: (1) the fees were not awarded directly to the debtor's spouse; (2) the debtor's spouse did not need alimony, support or maintenance because she was not in financial need; and (3) the debtor's spouse had already paid her attorney, so she wanted the attorney fee award for reimbursement of her expenses.

Thus, in *Crawford*, the attorney fee award was dischargeable under § 523(a)(5)(B), because it was not actually in the nature of alimony, maintenance, or support. Although this Court expressly held that the fee was dischargeable under § 523(a)(5)(A), that holding was based on a reading of sections 523(a)(5)(A) and 523(a)(5)(B) in pari materiae.

This Court does not subscribe to the view that § 523(a)(5)(A) applies to all assignments to all entities, as some courts do. *In re Daiker*, 5 B.R. 348 (Bkrtcy.D.Minn.1980); *In re Allen*, 4 B.R. 617 (Bkrtcy.E.D.Tenn. 1980); *Matter of Spong*, 3 B.R. 619, 1 C.B. C.2d 1104 (Bkrtcy.W.D.N.Y.1980).

Neither does this Court subscribe to the view that § 523(a)(5)(A) applies only to assignments to state welfare agencies, as some courts do. *In re Knabe*, 8 B.R. 53 (Bkrtcy.S.D.Ind.1981); *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980).[2]

2. *Those courts hold that § 523(a)(5)(A) was meant to apply only where the debt has been assigned to a state welfare agency because a discharge of the debt will not harm the debtor's dependents or the state agency. The debtor's dependents will continue to receive aid from the agency. The agency may lose the benefit of a collectible debt, but since the agency did not bargain for the assignment in consideration of giving aid to the debtor's dependents, the agency is not harmed by the discharge. While this Court agrees that § 523(a)(5)(A) applies to such an assignment, this Court disagrees that this is the only type assignment within the meaning of § 523(a)(5)(A). Section 523(a)(5)(A) should apply to make a debt dischargeable anytime the assignment is not for the benefit of financially needy dependents of the debtor.*

This Court finds that the scope of the § 523(a)(5)(A) assignment exception to nondischargeability must be determined by reading § 523(a)(5)(A) and § 523(a)(5)(B) in pari materiae. Section 523(a)(5) operates as an exception to the general rule of discharge and the general policy of giving the debtor a fresh start. Alimony, support or maintenance are nondischargeable because on balance, the payment of these type debts is more important than giving the debtor a complete fresh start. Therefore, where the debt is not actually in the nature of alimony, maintenance or support, on balance, the debtor's fresh start is more important than payment of the debt.

When the debtor's spouse owes another entity and cannot pay such entity because of financial inability; if the debtor is ordered to pay that debt, the debtor's payment is in the nature of support or maintenance. Sometimes the debtor may be ordered to pay the entity directly. Sometimes the debtor may be ordered to pay the entity indirectly, by paying the debtor's spouse.

This Court rejects the notion that the dischargeability of the debt was meant to hinge only on who the debtor is ordered to pay. Oftentimes the debtor is ordered to pay such entity because a direct payment would be more convenient than an indirect payment through the debtor's spouse. Convenience is an insufficient reason to grant discharge. See *Matter of Gilbert*, 10 B.R. 462 (N.D.Ind.1981).

Thus, the § 523(a)(5)(A) assignment exception to nondischargeability must be interpreted purposively. Where the purpose of the assignment was to provide support or maintenance by conveniently paying the spouse's creditor directly, the debt remains nondischargeable under § 523(a)(5). In the instant case, § 523(a)(5)(A) is not applicable and the debt remains nondischargeable under § 523(a)(5).

The Court finds for the reasons set out above, the plaintiff's objection to the discharge of this debt should be sustained and his fee allowed in the amount of $500.00.

THE FOREGOING CONSTITUTES MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.