**In re Freddie Lee KING, Debtor.**

**BARNETT & LERNER, CHARTERED, A Professional Corporation, and Verlee King, Plaintiffs,**

**v.**

**Freddie Lee KING, Defendant.**

**Bankruptcy No. 81–20215.
Adv. No. 81–0186.**

United States Bankruptcy Court, D. Kansas.

Oct. 28, 1981.

**128**

Daniel A. Duncan, Kansas City, Kan., for debtor-defendant.

H. Reed Walker, of Barnett & Lerner, Chartered, Kansas City, Kan., for plaintiffs.

F. Stannard Lentz, Shawnee Mission, Kan., trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on August 20, 1981, upon plaintiffs' Complaint to Determine the dischargeability of a debt under 11 U.S.C. § 523(a)(5). Plaintiffs appeared by and through counsel, H. Reed Walker of Barnett & Lerner, Chartered. Defendant appeared by and through counsel, Daniel A. Duncan. The parties agreed to and did file Stipulations of Facts, and briefs; and further agreed to have the Court decide the matter without additional oral argument.

## FINDINGS OF FACT

1. That this Court has jurisdiction over the parties and the subject matter.

2. That on March 27, 1980, one of the plaintiffs, Verlee King, filed a petition for divorce against the defendant, Freddie Lee King, in the District Court of Wyandotte County, Kansas, Case No. 80–D–10044. Plaintiff prayed for alimony, child support, attorney fees, court costs and other relief. Plaintiff, Barnett & Lerner, Chartered, represented her in said action.

3. That on July 30, 1980, the divorce petition came on for final hearing in state court. The Court found that the defendant should pay plaintiff, Verlee King, child support for their three minor children; that no alimony should be awarded; that the parties should divide certain personal property and certain debts; that the defendant should pay the court costs; and that the defendant should pay plaintiff, Barnett & Lerner, Chartered, attorney fees. The divorce decree, filed on August 11, 1980, provided in pertinent part, as follows:

> "4. That the Defendant owes the duty of support to his minor children, which the Court fixes at Two Hundred Forty Dollars ($240.00) per month, payable Sixty Dollars ($60.00) per week commencing Friday, August 1, 1980, and payable through the Clerk of the Wyandotte County District Court until further order of this Court.
>
> \* \* \* \* \* \*
>
> 9. That this is a case in which alimony should not properly be considered, and the Court denies the Plaintiff's request for the same.
>
> 10. That the costs of this action shall be taxed against the Defendant Husband, and he shall reimburse the Plaintiff through the Court for said cost deposit paid by the Plaintiff.
>
> 11. That the previously ordered attorney fees to Mr. Walker, Plaintiff's counsel, in the amount of One Hundred Seventy Five Dollars ($175.00) shall be re-

duced to judgment effective this date, and the Court is further advised that Mr. Walker has agreed to accept payments of Twenty-Five Dollars ($25.00) per month thereon and shall stay execution on this portion of the decree so long as payments are promptly made, with the first said payment to be made on or before the 30th day of August, 1980, and payable monthly thereafter until One Hundred Seventy Five Dollars ($175.00) is fully paid."

4. That the sum of $175.00 remains due and owing to plaintiff, Barnett & Lerner.

### ISSUES

I. WHETHER THE AWARD OF ATTORNEY FEES WAS IN THE NATURE OF ALIMONY, MAINTENANCE, OR SUPPORT, SUCH THAT THE DEBT IS NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5)(B).

II. WHETHER THE AWARD OF ATTORNEY FEES WAS AN ASSIGNMENT OF A DEBT, SUCH THAT THE DEBT IS DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5)(A) WHEN THE DIVORCE DECREE GRANTED JUDGMENT TO THE ATTORNEY FOR THE AMOUNT OF THE FEE AND PROVIDED THAT THE ATTORNEY WAS TO BE PAID DIRECTLY.

### CONCLUSIONS OF LAW

Section 523(a)(5) of Title 11 U.S.C. states as follows:

"§ 523. Exceptions to discharge.

*(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—*

\*   \*   \*   \*   \*   \*

*(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—*

*(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or*

*(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"*

### I.

Plaintiffs urge this Court to find that the attorney fee judgment in the divorce decree is in the nature of alimony, maintenance, or support and thus, nondischargeable. Plaintiffs argue that although alimony was denied, child support was granted; and that the attorney fee award was a necessary accessory to maintenance of the plaintiff and the three children.

Defendant argues that the award is not in the nature of alimony, maintenance or support since defendant now has custody of the children. The defendant also argues that making all accessory debts nondischargeable is contra to what Congress intended the plain meaning in the Code and ameliorates a debtor's fresh start.

■ To determine the nature of a debt, the operative time period is the time of the decree. Since plaintiff, Verlee King, was granted custody of the children in the decree, the nature of the attorney fee award must be determined in light of the situation at the time of the decree. The fact that Mrs. King subsequently relinquished her rights to the children, in favor of the defendant, is irrelevant for our purposes.

■ In determining the nature of a debt, it is settled that the Court is not bound by state law characterizations because "... *What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws ...*" H.R.Report No. 95–595, 95th Congress, 1st Sess., p. 364 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6320. However, most courts look to state law, as well as the decree, for some guidance.

The applicable statute in Kansas is K.S.A. 1980 Supp. 60–1610(g). That section states:

"*A decree in an action under this article may include orders on the following matters:*

\*   \*   \*   \*   \*   \*

*(g) Costs and fees. Costs and attorneys' fees may be awarded to either party as justice and equity may require.*"

Kansas courts recognize that they have wide discretion to determine who pays the attorney fees. The courts generally consider the parties' relative financial abilities and needs, among other factors. See *Moran v. Moran*, 196 Kan. 380, 411 P.2d 677 (1966); *Dunn v. Dunn*, 3 Kan.App.2d 347, 595 P.2d 349 (1979); *Neis v. Neis*, 3 Kan. App.2d 589, 599 P.2d 305 (1979).

The parties' needs and financial circumstances are not readily discernible from the decree. It is clear that plaintiff, Verlee King, was not awarded alimony or maintenance; but was awarded child support. It is also clear that she agreed to assume the parties' joint debts to Dial, Glanville's Furniture, Sears and GMAC; and that defendant agreed to maintain medical insurance for the children.

From these facts, the Court concludes that plaintiff must not have been in dire financial need to the extent that the attorney fee award was necessary for her maintenance and support. If plaintiff could afford to assume virtually all of the parties' joint debts and if the court deemed the case one in which alimony should not be considered, the logical conclusion is that the defendant's obligation to pay the attorney fee was part of a division of debts, not an accessory to alimony, maintenance, or support. Thus, § 523(a)(5)(B) does not apply, and the $175.00 debt is dischargeable.

## II.

Of course, the debt would be dischargeable under § 523(a)(5)(A) as well, if the debt was "assigned to another entity" within the meaning of that section. This Court has recently been faced with the same issue. In *In Re Crawford*, 8 B.R. 552 (Bkrtcy.D.Kan. 1981) this Court found that the attorney fee awarded directly to the attorney was a dis-

chargeable assignment of the debt. In *Schwarz v. Rank*, 12 B.R. 418 (Bkrtcy., D.Kan.1981), this Court found that the attorney fee awarded directly to the attorney was not an assignment, and was thus, nondischargeable under the particular circumstances of that case.

The *Crawford* and *Schwarz* cases were quite distinguishable. In *Crawford*, the debtor's spouse was not in need of alimony, maintenance, or support. In fact, she had already paid her attorney. The attorney fee award was part of a division of the parties' debts, and the effect was that she was to be reimbursed for the fee. Therefore, the debt was held to be dischargeable. In *Schwarz*, on the other hand, the debtor's spouse was in dire financial need. Without the attorney fee award, she would have been unable to pay her attorney and properly support herself. This Court found that the attorney fee award was in the nature of alimony, maintenance or support; and the fact that the debtor was ordered to directly pay the attorney, should not defeat the purpose and substance of the liability.

This Court is not alone in its view that the substance of the debt should control the form of the debt; and that § 523(a)(5)(A) should be read in pari materia with § 523(a)(5)(B). See *In re Spong*, 3 B.R. 619 (W.D.N.Y.1980), *rev'd*, 661 F.2d 6, C.C.H. ¶ 68,342 (2d Cir. 1981).

In paragraph 9 of the Divorce Decree, the Court stated:

"*9. That this is a case in which alimony should not properly be considered, and the Court denies the Plaintiff's request for the same.*"

This Court finds that the plaintiffs herein have not shown that the debt was substantively alimony, support or maintenance. Therefore, this debt is dischargeable under both § 523(a)(5)(A) and § 523(a)(5)(B) of Title 11 United States Code.

THE FOREGOING SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.