**In re Donald Eugene BENZ, a/k/a Donald E. Benz, d/b/a Read Rite Lamps, Debtor.**

**Kate B. BENZ, Plaintiff,**

**v.**

**Donald Eugene BENZ, Defendant.**

**Bankruptcy No. 82–20491.**
**Adv. No. 82–0206.**

United States Bankruptcy Court,
D. Kansas.

March 29, 1983.

**492**

Byron C. Loudon of McDowell, Rice & Smith, Chartered, Kansas City, Mo., for debtor/defendant.

J. Bradley Short of Nugent & Short, Overland Park, Kan., Chartered, for plaintiff.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for trial on September 22, 1982, upon a Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(5). Debtor/defendant, Donald Eugene Benz, appeared in person and by his attorney, Byron C. Loudon, of McDowell, Rice & Smith, Chartered. Plaintiff, Kate B. Benz, appeared by her attorney, J. Bradley Short, of Nugent & Short, Chartered.

The parties did not present evidence and agreed to submit the matter on briefs. The issue herein is whether an award of attorney fees in a divorce decree is dischargeable under 11 U.S.C. § 523(a)(5). The parties have submitted memoranda and the matter is ready for resolution.

## FINDINGS OF FACT

The facts are virtually undisputed. Based on the pleadings, file, statements of counsel, and taking judicial notice of the parties' divorce proceedings in the District Court of Johnson County, Kansas, Case No. 83507, the Court finds as follows:

1. That this Court has jurisdiction over the parties and the subject matter pursuant to Rule 42 of the United States District Court, District of Kansas; and that venue is proper.

2. That Mr. Benz filed a Chapter 7 petition herein on May 27, 1982; and he received a discharge on October 28, 1982.

3. That Mr. & Mrs. Benz were divorced on March 13, 1981, after a protracted and bitterly contested proceeding.[1] Mrs. Benz was granted custody of their two children. Other pertinent provisions of the divorce decree were as follows:

*"5. Defendant is ordered to pay to the plaintiff, through the Office of the Trustee of the Johnson County District Court, the sum of $100.00 per month as alimony, said payments to commence on April 1, 1981, and to continue thereafter for a term of five years or until the plaintiff's earlier death, remarriage or continuing conjugal cohabitation with a male person.*

*6. Defendant is ordered to pay to the plaintiff, through the Office of the Trustee of the District Court of Johnson County, Kansas, the sum of $180.00 per month, as child support for the minor children of the parties, commencing April 1, 1981, and continuing thereafter with an identical payment on the 1st of each and every month during the minority of the children, unless modified by further order of the Court.*

*7. Defendant shall forthwith obtain and shall thereafter maintain in effect, Blue Cross and Blue Shield Hospital and Medical Insurance coverage for the minor children of the parties, at defendant's expense. Any medical expenses of the children not payable by such insurance shall be paid 50% by each of the parties hereto. Defendant shall furnish proof of the existence of such insurance coverage to the plaintiff and shall supply her with any identification cards which may be necessary to obtain the benefit of such insurance for the children.*

\* \* \* \* \* \*

*10. The defendant is hereby awarded all of the interest of the parties in the business enterprise known as 'Read-Rite Lamps, A Division of Benz Industries', free and clear of any interest of the plaintiff.*

*11. The defendant is hereby ordered to pay, in a timely fashion, all of the*

---

1. *Mrs. Benz was the plaintiff and Mr. Benz the* *defendant in the divorce proceedings.*

debts of the parties existing on April 10, 1979, plus all debts incurred by the defendant since April 10, 1979, without contribution by the plaintiff.

\* \* \* \* \* \*

13. Plaintiff is granted judgment against the defendant in the sum of $4,000.00 as partial reimbursement[2] of her legal fees expense in connection with this cause. In view of the defendant's financial condition (and subject to further order of the Court upon a review of the defendant's financial condition) execution upon this judgment shall be stayed so long as defendant shall pay not less than $25.00 per month to plaintiff's attorneys, Nugent and Short, Chartered, of Overland Park, Kansas, in partial satisfaction of said judgment, said payments to commence April 1, 1981, and to continue thereafter at the rate of at least $25.00 per month on the first of each and every succeeding month until the full amount, together with accrued interest, shall have been paid."

4. That Johnson County, Kansas District Court Judge Herbert Walton also filed a memorandum decision. Pertinent findings in his decision were as follows:

"6. The plaintiff has been deaf since birth and suffers from a condition known as 'retinitis pigmentosa' which restricts her peripheral vision, and which may, at some point in the future, result in the plaintiff's blindness, although her condition appears to be relatively stable and non-progressive at this time.

\* \* \* \* \* \*

12. Mr. Benz currently 'draws' $1,000.00 a month as 'owner' of Read-Rite Lamps. Mrs. Benz has never received a salary or 'draw' for her work in the business enterprise.

\* \* \* \* \* \*

50. That the plaintiff receives disability income from the Social Security Administration of $399.00 a month and is working part time for the Unitarian All Souls Church where she makes approxi-

mately $50.00 a month. That she does have skills to find regular employment and would be a very dependable employee. However, her prognosis is guarded due to her deafness and to a limited degree by her vision problems that are presently in remission. Yet, she should be able to find a job to pay the minimum wage of $3.20 per hour. That plaintiff listed needs in her form 139 of $692.50 a month without apartment rental of $400.00 or a total of $1,092.50. That some of the items can be reduced on an austerity approach. Yet, her needs are approximately $900.00 a month. That she has been receiving some financial assistance from her aunt and her mother which she testified was not a gift but a loan that would have to be re-paid.

51. That the defendant listed needs of $964.00 a month. That he presently draws $1,000.00 a month from his corporation that is far in debt and is on a wage earner plan. The Court finds that his listed needs are reasonable but that he can modify same under a strict austerity life style of approximately $900.00 a month. In addition, there is the slim hope that the corporation will do better in the future and that he can provide more for the plaintiff and the minor children.

\* \* \* \* \* \*

Section 7. Attorney Fees.

\* \* \* \* \* \*

(b) Plaintiff's Counsel. This aspect of the decision gave the Court considerable difficulty. The Court does not dispute the extensive time that Mr. Short has rendered in this case. However, there is simply not enough money or property in this case to justify that amount of an attorney fee. The Court has come to the conclusion that a total fee of $4,000.00 to be reasonable to be paid by defendant. At this time the defendant can not pay more than $25.00 a month on same and address the other obligations of this decision. As long as that amount is paid the

---

2. Mrs. Benz had paid part of her attorneys' fees with funds borrowed from friends and family.

Court will stay execution thereon subject to an examination of defendant revealing an improved financial condition."

5. That in a Journal Entry and Order re Defendant's Motion to Alter or Amend Judgment, Judge Walton added:

"1. The judgment granted to plaintiff against defendant for partial reimbursement of her legal expenses and costs in connection with this cause, in the principal sum of $4,000.00, shall bear simple interest at the rate of 8% per annum from March 13, 1981, until paid in full.

\* \* \* \* \* \*

3. Plaintiff is hereby granted judgment against the defendant in the sum of $250.00 as partial reimbursement to plaintiff for her additional reasonable attorneys fees incurred in connection with defendant's motion to alter or amend."

### CONCLUSIONS OF LAW

Section 523(a) states as follows:

"§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designed as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

Mr. Benz contends that the $4,250.00 in judgments against him for attorney fees is dischargeable because it is not in the nature of alimony, maintenance, or support and because it was assigned to Mrs. Benz's attorneys.

■ With respect to the first contention, in determining the nature of an attorney fee award, this Court is not bound by the divorce decree or state law characterizations because "... What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws..." (H.R. 95–595, 95th Cong., 1st Sess., p. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320. However, this Court looks to state law and particularly the decree, for guidance.

The applicable statute in Kansas is K.S.A. 1980 Supp. 60–1610(g). That section states:

"A decree in an action under this article may include orders on the following matters:

\* \* \* \* \* \*

(g) Costs and fees. Costs and attorneys' fees may be awarded to either party as justice and equity may require."

Kansas courts generally consider the parties' relative financial abilities and needs, among other factors. See Moran v. Moran, 196 Kan. 380, 411 P.2d 677 (1966); Dunn v. Dunn, 2 Kan.App.2d 347, 595 P.2d 349 (1979); Neis v. Neis, 3 Kan.App.2d 589, 599 P.2d 305 (1979).

This Court has heretofore ruled that an attorney fee award is in the nature of alimony, maintenance or support when the recipient spouse is in such dire financial need that that spouse can not pay the attorney fee and its basic living expenses. See In re Rank, 12 B.R. 418, 8 B.C.D. 76, CCH ¶ 68,400 (Bkrtcy.D.Kan.1981).

■ Here, Judge Walton of the District Court of Johnson County, Kansas found, in essence, that Mrs. Benz was in dire financial need. She had basic needs of $900.00 a month but income of $450.00. Mr. Benz, on the other hand, had needs of $900.00 a month and income of $1,000.00 a month from his business. Judge Walton found that Mr. Benz could pay $280.00 a month in alimony and child support. He further found that Mr. Benz should pay all joint marital debts and the children's health insurance. Moreover, Judge Walton indi-

cated that the alimony and support was minimal, but limited by Mr. Benz's financial circumstances:

> "*In addition, there is the slim hope that the corporation will do better in the future and that he can provide more for the plaintiff and the minor children.*"

This Court concludes from Judge Walton's detailed findings that Mrs. Benz was in such dire financial need that the attorney fee award was in the nature of alimony, maintenance, or support.

Mr. Benz contends that the attorney fee award was assigned to Mrs. Benz's attorney and thus is dischargeable. This Court has previously ruled that an attorney fee award that is in the nature of alimony, maintenance or support is not rendered dischargeable simply because the divorce decree makes the fee payable to the attorney, rather than to the spouse. *In re Rank*, 12 B.R. 418, 8 B.C.D. 76, CCH ¶ 68,400. Although this Court had previously applied the assignment exception in § 523(a)(5)(A) to an attorney fee awarded directly to the attorney, (*see In re Crawford*, 8 B.R. 552 (Bkrtcy.D.Kan.1981), this Court explained in the *Rank* decision that *Crawford* was distinguishable because in *Crawford*, the attorney fee award was not in the nature of alimony, maintenance or support; and that, alone, made the attorney fee award dischargeable. *Also see In re King*, 15 B.R. 127, CCH ¶ 68,603 (Bkrtcy.D.Kan.1981).

■ As previously explained in *Rank*, this Court thinks that the substance of the debt rather than the form should control. When the debtor's spouse is in such dire financial need that the attorney fee award is substantively alimony, maintenance or support, the fee award should not be rendered dischargeable because the divorce decree makes it payable to the attorney. Judges undoubtedly structure divorce decrees with the incompatibility of the parties in mind. It is simply more convenient and pragmatic to make the fee payable to the attorney rather than to the spouse; just as it is pragmatic to make child support payable through the office of the Trustee of the District Court. Such measures, designed to avoid delay or nonpayment, should not destroy the clear policy and mandate of the Bankruptcy Code that alimony, child support, maintenance and debts in the nature thereof are not dischargeable.

The assignment exception should only be applied when the debtor's spouse expressly assigns the debt, for consideration, to another entity. Here there has been no express assignment. In fact, Mrs. Benz still owns the judgment. The divorce decree simply provides that as long as Mr. Benz pays $25.00 per month to her attorney, Mrs. Benz is stayed from executing on the judgment.

■ Accordingly, the $4,000.00 and $250.00 judgments against Mr. Benz for attorney fees are nondischargeable. However, this Court finds that the $4,000.00 judgment should not bear interest. Judge Walton found that Mr. Benz could only afford to pay $25.00 a month on that judgment. If interest were allowed Mr. Benz would never be able to reduce the principal amount of the judgment. Therefore, the accrued interest is discharged.

The Court finds that Mr. Benz must pay the $4,250.00 in judgments (less the total monthly payments made to date).

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.