In re Donald WHITMAN, Debtor.

Albert J. MAINELLI, Jr., Esq., Plaintiff,

v.

Donald WHITMAN, Defendant.

Bankruptcy No. 8200817.
Adv. No. 820495.

United States Bankruptcy Court,
D. Rhode Island.

May 4, 1983.

Marvin Homonoff, Kirshenbaum & Kirshenbaum, Providence, R.I., for plaintiff.

David Hassenfeld, Providence, R.I., for defendant.

## DECISION DETERMINING DEBT TO BE NONDISCHARGEABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

At issue is (1) whether a $500 attorney fee award to the debtor's spouse was in the nature of alimony, maintenance or support, and (2) whether the fee, awarded directly to the attorney, constitutes an assignment of the debt within the meaning of 11 U.S.C. § 523(a)(5)(A).[1]

The facts are not in dispute. In September 1982, Judge William R. Goldberg of the Rhode Island Family Court entered a "Decision Pending Entry of Final Judgment" in the divorce proceeding captioned *Candace A. Whitman v. Donald R. Whitman,* F.C. No. 81–2053, wherein Albert J. Mainelli, Jr., Esq. represented the complainant. Paragraph 16 of that decision requires Donald Whitman to pay to Mainelli a counsel fee in the amount of $500.

Donald Whitman filed a Chapter 7 petition on September 28, 1982, and scheduled Albert Mainelli as a general unsecured creditor in the amount of $500. On November 16, 1982 Mainelli filed the instant complaint to determine the dischargeability of the debt, and to request relief from the automatic stay. The matter was submitted to the Court on memoranda.

Mainelli argues that the debt in question constitutes alimony and support, and is nondischargeable under 11 U.S.C. § 523(a)(5). The debtor contends, on procedural grounds, that Mainelli may not bring the action in his own name, citing *Pauley v. Spong (In re Spong),* 3 B.R. 619 (Bkrtcy.W. D.N.Y.1980), which held that an attorney did not have standing to bring an action to determine the dischargeability of a counsel fee.

■ The debtor's contention that Mainelli does not have standing to bring this action is rejected. The case cited in the debtor's memorandum was reversed by the United States Court of Appeals for the Second Circuit in *Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981). In that case the Second Circuit Court of Appeals did not even bother to discuss the standing issue, but reached the merits and decided in favor of the named plaintiff-attorney. *Accord, Porter v. Gwinn (In re Gwinn),* 20 B.R. 233 (Bkrtcy. 9th Cir.1982); *French v. Prante (In re French),* 9 B.R. 464 (Bkrtcy.S. D.Calif.1981). Based on the above authorities, we will consider the merits of this dispute.

11 U.S.C. § 523(a)(5) states:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; . . . or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

Bankruptcy courts generally follow state law when determining whether a debt is actually in the nature of alimony, mainte-

---

1. This decision, which cites to provisions of the Bankruptcy Reform Act of 1978, is entered in accordance with the rule adopted by the United States District Court for the District of Rhode Island pursuant to an order of the Circuit Council for the First Circuit, effective December 25, 1982. We follow the lead of the Circuit Council in declining to "pre-commit ourselves on any legal or constitutional questions which may arise concerning this rule." Order of the Circuit Council for the First Circuit (December 22, 1982).

nance or support. *Schwarz v. Rank (In re Rank),* 12 B.R. 418 (Bkrtcy.D.Kan.1981). In Rhode Island, R.I.Gen.Laws § 15–5–16 [2] directs the family court judge to use similar criteria in determining both alimony and counsel fees. In this case, Judge Goldberg ordered Donald Whitman to make child support payments to Candace Whitman, based upon evidence as to the respective earning capacity of the parties, as well as their expenses and other liabilities. The family court decision states that the parties waived alimony.

■ Upon a careful consideration of the family court decision, and in light of the applicable law, we conclude that the requirement that Donald Whitman pay a $500 attorney fee is in the nature of support and is therefore nondischargeable. In arriving at this conclusion we were influenced by the family court reference to the great disparity in earnings of the parties at that time: Judge Goldberg found that Donald Whitman had annual earnings of approximately $25,000, while Candace Whitman earned $148 per week.

■ The fact that the attorney fee was awarded directly to Mainelli and not to Candace Whitman does not render that debt dischargeable as being "assigned to another entity." 11 U.S.C. § 523(a)(5)(A). We are in agreement with those courts which hold that an award in the nature of alimony, maintenance or support is nondischargeable regardless of whether it is payable directly to the attorney or to the spouse, as attorney fees. *In re Spong,* 661 F.2d at 10; *Brennan, Steil, Ryan, Bastin & MacDougall, S.C. v. Rodriguez (In re Rodriguez),* 22 B.R. 309 (Bkrtcy.W.D.Wis.1982).

For the above reasons, the $500 debt to Mainelli is declared to be nondischargeable, and the automatic stay, 11 U.S.C. § 362, is modified to allow Mainelli to proceed against Donald Whitman with respect to collection of said debt. Enter order accordingly.

2. 15–5–16. Alimony and counsel fees—Custody of children.—In granting any petition for divorce, divorce from bed and board, or relief without the commencement of divorce proceedings, the family court may order either of the parties to pay alimony or counsel fees or both to the other. In determining the amount of alimony or counsel fees, if any, to be paid, the court after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the health, age, station, occupation, amount and source of income, vocational skills and employability of the parties; and the state and the liabilities and needs of each of the parties. . . .