**In re Darrell Kent CLEAVER, Debtor.**

**Sheila CROUSE, Plaintiff,**

v.

**Darrell Kent CLEAVER, Defendant.**

**Bankruptcy No. 5–82–00384.
Adv. No. 5–83–0020.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 26, 1983.

Richard W. Jones, Hurt, Haverstock & Jones, Murray, Ky., for debtor-defendant.

Michael Murphy, Paducah, Ky., for plaintiff.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy proceeding is before the Court on complaint of Sheila Crouse, by counsel, seeking a determination that a certain debt owed by defendant-debtor on a mobile home pursuant to an Agreed Order Modifying a Decree of Dissolution entered by the Calloway Circuit Court, Calloway County, Kentucky, be declared nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code.

On or about September 26, 1980, the Calloway Circuit Court, Calloway County, Kentucky, entered a decree dissolving the marriage of plaintiff and defendant-debtor herein. The divorce decree, which incorporated the Separation Agreement dated August 29, 1980, specifically provided in paragraph (2) that debtor was to pay $250.00 per month as child support until the child reached the age of majority. Paragraph (3) of the Decree of Dissolution further assigned marital property in the sum of $35,-000.00 cash to plaintiff herein to be paid by the debtor.

The debtor subsequently filed a Motion to Amend, Modify and/or Set Aside the Decree of Dissolution and Separation Agreement as being unconscionable. The debtor, who had acted without benefit of counsel and allegedly without understanding of the terms of the Separation Agreement and Decree of Dissolution, testified that he extensively cared and provided for the child and requested a reduction in child support payments. Debtor additionally offered evidence regarding the fair market value of the marital property which was subject to liens of record, furthering the issue of proper division of the marital estate.

An Agreed Order Modifying Decree was issued by the Calloway Circuit Court on May 27, 1981. The Agreed Order provided that the debtor would pay the sum of $200.00 per month as child support until the child reached majority, said monthly sum to be exonerated for any thirty consecutive day period in which the minor child lived with the debtor. The Decree of Dissolution was further modified by assignment of the mobile home in which plaintiff was living as her sole and separate property, free and clear of all liens. In the event debtor, who had financed the purchase of the mobile home, could not secure a loan sufficient in full to pay the balance on the mobile home, plaintiff was to obtain a second mortgage on the debtor's real property and a security interest in the farming equipment to secure full payment. Plaintiff was also to receive $5,000.00 in cash. Payments on the mobile home and the cash obligation were deemed marital property by the state court. No provision was made for these obligations to be exonerated at any time.

The debtor filed a petition in bankruptcy on November 29, 1982, and listed plaintiff as unsecured for the sum payments remaining on the mobile home. Plaintiff's status as unsecured was unchallenged as no second mortgage or security interest was filed or procured by plaintiff. The debt remaining on the mobile home was discharged by Order of this Court dated April 27, 1983.

Plaintiff herein filed a complaint objecting to discharge on April 13, 1983, alleging the amount owing on the mobile home to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2) since said obligations were intended as support for the minor child.

A trial on the issue of intent was held by this Court on July 19, 1983, whereby both parties appeared in person and were represented by counsel. Extensive testimony was taken of record to aid this Court in

determining whether the debt remaining on the mobile home was "in the nature of . . . support" for the minor child and nondischargeable pursuant to § 523(a)(5), or intended as a debt arising from distribution of marital assets and properly discharged in bankruptcy on April 27, 1983.

The controlling statute in this proceeding is 11 U.S.C. § 523(a)(5) which provides in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) To a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that—

\* \* \* \* \* \*

(b) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance or support. . . .* (Emphasis added.)

As stated in the legislative history of § 523(a)(5), "What constitutes alimony, maintenance, or support, will be determined under bankruptcy law, not state law." S.Rep. No. 95–989, 95th Cong., 2d Sess. 79, *reprinted in* [1978] U.S.Code Cong. & Adm. News 5787, 5865. See also H.R. No. 95–595, 95th Cong., 1st Sess. 364 [1977], *reprinted in* [1978] U.S.Code Cong. & Adm.News 5963, 6320.

A reading of § 523(a)(5) and the legislative history has caused most courts to hold that the appellation given by the state court to certain payments owed by a debtor to a former spouse is not determinative of whether the payment constitutes alimony, maintenance or support. Such determination is controlled by federal law. See *In re Petoske*, 16 B.R. 412 (Bkrtcy.E.D.N.Y.1982); *In re Daiker*, 5 B.R. 348 (Bkrtcy.Minn.1980); *In re Spong*, 661 F.2d 6 (2d Cir.1981). The federal issue involving which payments constitute alimony, maintenance or support, however, does not require the federal courts to ignore state law in making the determi-

nation. As noted in *DeSylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956), there is "no federal law of domestic relations." See also *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

The Court of Appeals for the Sixth Circuit, citing *In re Spong, supra,* at 9, held that the federal question as to what constitutes "alimony, maintenance, and support" requires reference to state law. *In re Calhoun,* 715 F.2d 1103 (6th Cir., 1983). The Court in *In re Spong, supra,* held that while state law is not binding on the issue, it nevertheless provides a useful sort of "guidance" for federal courts to use when deciding whether a payment obligation is "in the nature of alimony, maintenance or support." See also *In re King,* 15 B.R. 127 (Bkrtcy.D.Kan.1981); *In re Allen,* 4 B.R. 617 (Bkrtcy.E.D.Tenn.1980); *In re Pelikant,* 5 B.R. 404 (N.D.Ill.1980); *In re Dirks,* 15 B.R. 775 (Bkrtcy.D.N.M.1981).

The Sixth Circuit opinion in *In re Calhoun, supra,* interpreted the "guidance" federal courts are to derive from state law in deciding the federal issue of whether an obligation of the debtor is "in the nature of alimony, maintenance or support":

The initial inquiry must be to ascertain whether the state court or the parties to the divorce *intended* to create an obligation to provide support . . . If they did not, the inquiry ends there.

\* \* \* \* \* \*

There is no basis for the bankruptcy court to create a nondischargeable obligation for the debtor that the state court granting the divorce decree or the parties to that proceeding did not create. In making this determination the bankruptcy court may consider any relevant evidence including those factors utilized by state courts to make a factual determination of intent to create support.

*In re Calhoun, supra.*

In the case at bar this Court held a trial on July 19, 1983, to determine the intent of the parties and the state court in creating the debtor's obligation for payment on the

mobile home pursuant to the divorce proceeding. In view of the testimony presented by both parties and pursuant to documentation of record, including depositions of both parties, this Court finds that plaintiff has not sustained her burden of proving that the trailer payments were actually intended as child support. Plaintiff's testimony that the payments were originally intended as part of the $35,000.00 marital debt supports this finding. Plaintiff's further testimony that the child support payments were reduced $50.00 per month in exchange for debtor's obligation on the trailer is not clearly convincing in face of evidence presented by debtor that the payments were reduced due to his extensive care of the minor child, and further that payments on the mobile home were intended as a modification of the original $35,000.00 property settlement. This testimony is in accord with the appellations given the obligations in the separation agreement incorporated into the decree of dissolution, and as set forth in the agreed order modifying decree.

Pursuant to a finding of intent of the state court and parties in establishing the debt obligation, and based upon this Court's interpretation of federal law, plaintiff's obligation is found to constitute a division of marital property, and thus properly dischargeable in bankruptcy notwithstanding application of 11 U.S.C. § 523(a)(5) of the Bankruptcy Code.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 26th day of October, 1983.