In re Domiano U. PATALANO, Debtor.

Howard I. LIPSEY, Esq., Plaintiff,

v.

Domiano U. PATALANO, Defendant.

Carmela PATALANO, Plaintiff,

v.

Domiano U. PATALANO, Defendant.

Bankruptcy No. 8600267.
Adv. Nos. 860069, 860070.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 9, 1986.

Peter S. Haydon, Lipsey & Skolink, Ltd., West Warwick, R.I., for plaintiffs.

Joseph A. Capineri, Capineri & Crowley, Ltd., Pawtucket, R.I., for Domiano U. Patalano.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on November 3, 1986 on the complaints of Carmela Patalano and Howard Lipsey, Esq., pursuant to 11 U.S.C.

§ 523(a)(5) to determine the dischargeability of certain debts.[1]

The issue is whether an order for payment of $160 per week by the debtor to his former spouse, provided for in a final decree of divorce entered by the Family Court on April 26, 1982, is alimony, and therefore nondischargeable. The dispute over the nature of the payments arises from the wording of the final decree, which states that Domiano Patalano "shall pay to [Carmela Patalano] in lieu of alimony the sum of $160.00 per week," such payments to stop on the happening of any one of three contingencies: remarriage of the wife; death of either party, or commencement of retirement benefits under the husband's railroad retirement plan. *See* Plaintiff's Exhibit 2, Divorce Decree. The debtor argues that the phrase in the final decree, "in lieu of alimony," establishes that said payments were not intended as alimony and, therefore, are not excepted from discharge.

■ Whether payments constitute alimony, in the context of disputes concerning § 523(a)(5), is not dependent on labels attached by the parties, but rather is determined according to federal bankruptcy law, and not state law. *See Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983); *Rich v. Rich (In re Rich)*, 40 B.R. 92, 95 (Bankr.D.Mass.1984); 3 *Collier on Bankruptcy* ¶ 523.15 (15th ed. 1986). In deciding whether the obligation is alimony or another type of dischargeable debt, bankruptcy courts look to a variety of factors, including: the understanding of the parties, the method of payment (lump sum or installment), the nature of the obligation, i.e. whether for necessaries or luxuries, and the relative means and/or earning capacity of the parties. *In re Rich, supra*, at 95.

■ Applying these criteria to the facts before us, we conclude that the payments are clearly in the nature of alimony and therefore nondischargeable. Carmela Patalano testified that she understood that the payments were to be for her support. Domiano Patalano testified that he expected to be able to deduct the payments for income tax purposes. Payments to a former spouse are deductible by the payor only if they are actually alimony payments for the support and maintenance of the former spouse. *See* 26 U.S.C. §§ 71, 215. Based upon the evidence, we conclude that, at the time the final decree was executed, the parties intended that the payments were to be in the nature of alimony, even though they were not designated as such. The inclusion of the words "in lieu of alimony" was the result of an attempt to prevent the future modification of the amount of the payments in a later Family Court proceeding, based upon an alleged change of circumstances on the part of Mr. Patalano. *See In re Williams, supra*, at 1057. Of significance to this Court was the very large disparity in earning capacity and income between the parties. At the time of the divorce Domiano Patalano's annual salary was $43,500,[2] *see* Joint Pre-trial Order at 2, while Carmela Patalano worked part time as a babysitter, having been occupied primarily as a mother and homemaker during the marriage.[3] Without the $160 per week from her ex-husband to be, Mrs. Patalano's ordinary monthly expenses would have vastly exceeded her income or earning capacity, *see* Plaintiff's Exhibit 6, Family Court Statement of Needs and Expenses, and based upon that fact we find that said payments were for necessaries, not luxuries.

■ Accordingly, we conclude that the obligation to pay $160 per week to Carmela Patalano, as well as the arrearages there-

---

1. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

2. Mr. Patalano's income has increased since 1982, and now exceeds $47,000 per year.

3. Mrs. Patalano now works part time as a waitress and estimates her earnings to be approximately $125–$150 per week, including salary and tips.

**32**

under,[4] is nondischargeable as alimony, under 11 U.S.C. § 523(a)(5). Having determined that the payments in question are for alimony, it follows, and we also conclude, that Family Court ordered counsel fees in the amount of $500 to Howard Lipsey, Esq., as attorney for Carmella Patalano, are also in the nature of alimony, and are nondischargeable. *See Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981); *Mainelli v. Whitman (In re Whitman)*, 29 B.R. 362 (Bankr.D.R.I.1983).

Enter Judgment accordingly.

---

**4.** Counsel for the plaintiffs estimates the arrearages at $6,400 as of the date of the hearing.