No. 47,775

MILDRED WILLIAMS, *Appellant,* v. ROBERT W. WILLIAMS, *Appellee.*

(548 P. 2d 794)

Opinion filed April 10, 1976.

*Stephen G. Dickerson,* of Carson, Fields, Kugler and Boal, of Kansas City, argued the cause, and *David W. Carson,* of the same firm, was with him on the brief for appellant.

*John J. Ziegelmeyer,* of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This was a divorce action in which the plaintiff wife appeals from the order made granting the parties a divorce and awarding alimony and property division.

The parties, Mildred Williams and Robert W. Williams, age 63 and 64 years at the time of trial, were married in May, 1939. Robert is a practicing dentist in Kansas City. Mildred worked to help put him through dental school but has not been otherwise employed during their marriage. The couple was unable to have children of their own and adopted two girls who are now married and self-supporting.

Each of the parties has had poor health. In December, 1969, plaintiff underwent intestinal surgery and thereafter had a near fatal acute systemic necrotizing vasculitis. This condition required two more surgical operations and resulted in two neurological disabilities: One which is controllable by medication and the other a visual defect in her left eye. The defendant suffered a stroke in October, 1971, and a second one a week later. Since then he has had occasional dizzy spells and he takes medication to keep his blood thinned and to keep his tension down.

On January 12, 1972, the plaintiff commenced this action by filing a petition in which she alleged the defendant had left home and that he had been running around with another [named] woman. She sought separate maintenance on the grounds of gross neglect

of duty, extreme cruelty and incompatibility. The defendant responded with a request for divorce on the ground of incompatibility. Pending final hearing, the defendant was required to pay plaintiff $1,200 per month temporary alimony and support money. The district court eventually heard the matter and on May 23, 1974, granted a divorce on the ground of incompatibility, divided the property and provided for permanent alimony. Plaintiff appeals from the order made.

The appellant first complains there was insufficient evidence of incompatibility offered at trial upon which to ground a divorce. She says appellee was wholly at fault for the marital breakup. We do not agree. Some of the testimony respecting the conduct of the parties was controverted and the interest of no one would be served by chronicling it in this opinion. The appellee admitted forming an attachment to and seeing the other woman in the case several years prior to the time he left home. However, there was evidence of marital difficulties between the two, concealed from public notice, which occurred prior to the involvement with the other woman and which continued up until the appellee left the home. In her separate maintenance petition, appellant alleged incompatibility and there was evidence of long-standing personality differences and resulting conflict. The matter need not be labored. As was said in our first case involving sufficiency of evidence to support incompatibility as a ground for divorce:

". . . The trial court had both parties before it and heard their stories. It could have required them to seek marriage counseling service available within the locale (K. S. A. 1973 Supp. 60-1608) but did not. It seemed satisfied the parties could no longer live together. Their differences appear to have been of long standing and the record indicated a doubly-proven breakdown of a marriage where both parties wanted to live apart." (*Berry v. Berry*, 215 Kan. 47, 51, 523 P. 2d 342.)

Upon oral argument appellant abandoned her contention the district court erred in granting a divorce when her petition sought only separate maintenance. The point was considered in *Berry* and no more need be said.

Appellant complains of inadequate property division. According to her figures she was given property totaling $103,108 in value while the appellee got $134,810. (Additionally, each received an automobile.) The appellant received the residence valued at $40,000, household goods and furnishings valued at $1,000, a paid up life insurance policy in the amount of $10,000 and certificates

of deposit, savings bonds, savings accounts and mutual fund stock aggregating $52,108. The appellee received his one-fifth interest in a two story professional office building, valued by appellant at $65,000, life insurance policies valued at $22,500, and mutual funds, stocks, bonds, savings accounts and certificates of deposit in the sum of $47,310. (Some of these latter items were keyed into appellee's retirement plan.) As is apparent from the nature of the items involved, dispute could arise only in the valuations placed upon the residence and in appellee's one-fifth interest in his office building. And such a dispute arose. The appellee's testimony placed a higher valuation on the residence awarded the appellant but not enough to be of much significance. Of more consequence, in valuing appellee's office building, the appellant takes the maximum replacement valuation placed by her witness, but does not take into account the existence of a $184,000 mortgage on the property. Accepting appellant's replacement value, it would appear from the evidence appellee's equity interest in the property amounted only to $21,000 instead of $65,000 as contended by the appellant. Thus viewed, appellant would have received more property than appellee.

In denying the plaintiff's motion for a new trial, the district court made this comment:

"I tried to divide the property and the assets as equally as I could and I think that she got the better end of it from the standpoint of cash fluid assets, certificates of deposit, the savings bond, so on. Those things awarded to him are, of course, the interest in his professional building, in his professional retirement programs and are not the sort of things that can be converted to fluid liquid assets quickly or immediately and I felt that I was as fair with Mrs. Williams as I could be."

Under K. S. A. 1971 Supp. 60-1610 (*b*) the district court is directed to divide the property of the parties in a just and reasonable manner. Thus, the subject is largely entrusted to the district court's discretion. (*St. Clair v. St. Clair*, 211 Kan. 468, 498-499, 507 P. 2d 206.) We find no abuse of discretion in that area here.

Finally, appellant asserts that the amount of alimony awarded her was inadequate in view of the parties' standard of living, appellee's income, and her condition of health. As already stated, the district court initially allowed temporary alimony in the amount of $1,200 per month. This order remained in effect during the pendency of this action, or for a period of about 28 months. The final order for permanent alimony was $850 per month for five years and thereafter $700 per month until appellant's remarriage or death.

At trial, the appellant submitted an itemized list of her expenses totaling more than $1,300 per month but concededly many of the items were not realistic. There was evidence that of the amount of temporary alimony paid during the pendency of the action, she saved the sum of $8,000 and was able to live approximately in her accustomed style. Appellant did offer the explanation she was able to realize this saving only by not making needed maintenance to her home. Appellee's adjusted gross income from his dental practice for the year 1972 was $42,872 and for the year 1973, the sum of $41,161. There was evidence he was attempting to cut down on his practice since he had had his strokes and as he approached his contemplated retirement.

The appellant's principal ground for complaint seems to be that the district court did not take into account the relative fault of the parties in fixing the alimony award and that the gravity of the appellee's transgression warranted a larger amount. Fault is but one element which may be considered in fixing alimony. Other matters which may be considered include the age of the parties, their present and prospective earning capacities, the length of the marriage, the property owned by them (*Cool v. Cool,* 203 Kan. 749, 754, 457 P. 2d 60), the parties' needs (*Zeller v. Zeller,* 195 Kan. 452, 460, 407 P. 2d 478), the time, source and manner of acquisition of property, the family ties and obligations (*Saint v. Saint,* 196 Kan. 330, 335, 411 P. 2d 683), and the parties' overall financial situation (*Stayton v. Stayton,* 211 Kan. 560, 561, 506 P. 2d 1172). There is no fixed rule on the subject and the district court in a divorce action is vested with wide discretion in adjusting the financial obligations of the parties. Thus, its exercise of that discretion will not be disturbed on appeal in the absence of a showing of clear abuse. (*Stayton v. Stayton,* supra.) It may not be said the district court ignored the fault aspect in making its determination. It made no specific finding, but its remarks on the subject, which need not be repeated, indicated awareness of that aspect of the case. (*LaRue v. LaRue,* 216 Kan. 242, 531 P. 2d 84.) In *McCrory v. McCrory,* 216 Kan. 359, 533 P. 2d 278; complaint was made of an equal division of one-half of a wife's separately acquired property in a 44-year marriage upon the ground that the husband was at fault. We found no unreasonableness in the division and concluded:

". . . This court will not retry the issue of fault on appeal as a basis for setting aside the district court's division of property as arbitrary or capricious. (*McClaren v. McClaren,* 214 Kan. 217, 519 P. 2d 720.)" (l. c. 359.)

Likewise, the fault issue should not be retried here in connection with the alimony award to which the district court gave careful consideration as shown by its oral comments respecting the parties' relative situations. The court was impressed with appellant's ability to maintain herself in her accustomed style of living on a particular amount of money and it patterned its award on that figure—a not insubstantial amount. In addition, the wife was given income producing property as her own. Under all the circumstances we cannot declare abuse of discretion in the award made.

The judgment is affirmed.