In re Kenneth Todd COWLEY, Debtor.

Darlene Cowley KING, Plaintiff,

v.

Kenneth Todd COWLEY, Defendant.

Bankruptcy No. 82–20972.
Adv. No. 83–0074.

United States Bankruptcy Court,
D. Kansas.

Nov. 22, 1983.

Hosea Ellis Sowell, Kansas City, Kan., for debtor.

Scott E. Giffen of Long & Giffen, Mission, Kan., for plaintiff.

Kris L. Arnold, Kansas City, Kan., trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on July 29, 1983. Plaintiff, Darlene Cowley King, appeared by Scott E. Giffen of Long & Giffen. Debtor/defendant, Kenneth Todd Cowley, appeared by Hosea Ellis Sowell.

The parties agreed that this matter could be resolved without an evidentiary hearing upon submission of stipulated facts and exhibits. The parties have also submitted memoranda of law and the matter is ready for determination.

## FINDINGS OF FACT

Based on the stipulations, pleadings and file herein, the Court finds as follows:

1. That the Court has jurisdiction of the parties and subject matter pursuant to Rule 42 of the United States District Court, District of Kansas; and that venue is proper.

2. That the debtor filed a Chapter 7 petition on October 4, 1982, and was discharged on June 22, 1983.

3. That plaintiff and debtor were married in 1970 and divorced on September 22, 1977, in the District Court of Johnson County, Kansas. Custody of the parties' two minor children was awarded to plaintiff and debtor was ordered to pay to plaintiff $600.00 per month as child support. He was also ordered to provide medical insurance and pay medical expenses of the children. Plaintiff spends an average of $1100.00 per month for the children's support and maintenance.

4. That the divorce court ordered debtor to pay plaintiff $500.00 a month in alimony until either party's death or remarriage. Plaintiff remarried on or about November 3, 1979.

5. In paragraph 10 of the divorce court's journal entry, it is stated:

*"For an additional division of property, the plaintiff[1] shall pay to the defendant, the total sum of Nineteen Thousand Two Hundred and 00/100 Dollars ($19,200.00). That said sum shall be paid at the rate of Four Hundred and 00/100 Dollars ($400.00) per month for a period of four (4) years or until the entire Nineteen Thousand Two Hundred and 00/100 ($19,-*

---

1. The debtor herein.

*200.00) is paid. That said amount shall be a judgment and shall be non-interest bearing and the monthly payments in regard to said amount shall commence on February 1, 1978."*

Debtor still owes $1200.00 of this judgment.

6. That on or about June 5, 1980, debtor filed a motion for change of custody of the children, which came on for hearing and after lengthy litigation, on September 17, 1981, the debtor requested that his motion for change of custody be dismissed. The court ordered the debtor to pay all of plaintiff's attorney fees and expenses, in the amount of $7,253.83 plus legal interest (12%, non compounding) from September 17, 1981. Debtor has made no payment. Plaintiff has paid $2,566.41 of the legal fees.

7. That at the time of the divorce, plaintiff was unemployed. Since then she has earned minimal income in part-time jobs. She now assists her present husband in his business by performing clerical work, part-time.

8. That at the time of the divorce, debtor was president and a shareholder of American Metals Corporation, earning a base salary of $30,000.00. His reported income for 1979 was $47,500.00 in wages from American Metals and $36,423.00 in business income from Kenco & Associates, a company that he had an interest in. In 1980, his reported income was $51,750.00 and $57,-198.00 from American Metals and Kenco, respectively, for a total 1980 income of $117,928.00, and a total 1979 income of $83,-973.00. His income in 1981 was $42,000.00, according to his bankruptcy schedules.

9. That the debtor/defendant received certain items in the divorce court's division of property, including: four bank accounts; all interest in American Metals, Kenco & Associates, Cowley-Howard Company and an unnamed warehouse; Merrill Lynch stock; two horses; and various and sundry personal items.

10. That the creditor/plaintiff received certain items in the division of property, including: the marital residence; a tractor; a station wagon; two bank accounts; IBM stock; and various and sundry personal items.

## CONCLUSIONS OF LAW

### I.

The first issue is the dischargeability of the $1200.00 balance debtor owes plaintiff on the $19,200.00 judgment taken against the debtor in the divorce action.

11 U.S.C. § 523(a)(5) states:

"523. Exceptions to discharge.

*(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—*

\* \* \* \* \* \*

*(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—*

*(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or*

*(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."*

Plaintiff contends that the judgment was in the nature of alimony. Debtor contends that it was part of the division of property. What constitutes alimony, maintenance or support is determined under bankruptcy, rather than state law. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 364, U.S.Code Cong. & Admin.News 1978, p. 5787. State law may be considered, however.

Here the decree characterized the judgment as *"for an additional division of property..."* Such labeling is not dispositive, but it is a factor for consideration. See *In re Alcorn,* 162 F.Supp. 206 (N.D.Cal. 1958); *In re Mineer,* 11 B.R. 663 (Bkrtcy.D. Colo.1981). The test is the substance of the obligation and not the form or title given

thereto. *In re Chapman,* 20 B.R. 810 (Bkrtcy.E.D.Va.1982).

From all the circumstances, this Court finds that the $19,200.00 judgment was not alimony. It was payable at the rate of $400.00 per month, for four years. It was not the long term obligation, conditional on death or remarriage that alimony typically is. See *In re Snyder,* 7 B.R. 147 (U.S.D.C.W.Va.1980); *In re Travis,* CCH ¶ 67,520 (W.D.Okla.1980). Furthermore, the divorce court designated another $500.00 a month as alimony, and it was made conditional on either party's death or remarriage. There was no indication that the divorce court intended for plaintiff to receive $900.00 a month in alimony for four years and $500.00 per month thereafter. There was no indication that plaintiff would have needed more alimony during the first four years after the divorce.

In Kansas, courts consider a number of factors in awarding alimony, including: the parties' present and prospective earning capacities; the property owned by them; the parties' needs; and the parties' overall financial situation. *Williams v. Williams,* 219 Kan. 303, 548 P.2d 794, 797 (1976). Applying those factors to the parties herein, the divorce court undoubtedly found that plaintiff was unemployed and debtor earned well over $30,000.00 a year, and that plaintiff needed money to support herself and the two children. Plaintiff received the marital home, a car, and some securities, so she wasn't left completely destitute by the divorce. The court probably concluded that $500.00 per month in alimony plus $600.00 per month in child support, for a total monthly income of $1,100.00 would be sufficient.

The 19,200.00 judgment was a division of property. Debtor received all interest in three companies, which gave him his annual income of over $30,000.00, as well as a warehouse and securities. Plaintiff received the marital home, a car and securities. The divorce court apparently concluded that the property would be equitably divided if plaintiff were to receive $19,-200.00 cash as well. This Court therefore concludes that the $1200.00 balance due on the judgment is dischargeable.

## II.

The second issue is the dischargeability of the $7,253.83 judgment for attorney fees and expenses awarded to plaintiff's attorney, Scott E. Giffen, for representing her in the change of custody action initiated by the debtor. Debtor argues that the debt is dischargeable under § 523(a)(5) because: it is assigned to another entity; it is not in the nature of alimony, support or maintenance; and it is not *"in connection with a separation agreement, divorce decree, or property settlement agreement."*

This Court has addressed similar arguments that attorney fees awarded to the attorney rather than the spouse, are assignments within the meaning of § 523(a)(5)(A) and are dischargeable. This Court has uniformly held since *In re Rank,* 12 B.R. 418, 8 B.C.D. 76, CCH ¶ 68,400 (Bkrtcy.D.Kan. 1981), that an attorney fee awarded directly to the attorney is not an assignment, and can still be nondischargeable. See also, *In re King,* 15 B.R. 127, CCH ¶ 68,603 (Bkrtcy. D.Kan.1981); *In re Benz,* 36 B.R. 491 (D.Kan.1983); *In re Brown,* 36 B.R. 103 (D.Kan.1983).

This Court's rationale was best explained in *In re Brown, supra,* where at page 105 the Court stated:

*"Given the incompatibility and often lack of communication between divorcing parties, obligations are often made payable directly to the creditor rather than through the spouse. Such measures, designed to avoid defaults or delay, should not destroy the otherwise nondischargeable nature of such obligations."*

At least two Circuit Courts of Appeal subscribe to the view that the assignment exception should not defeat the nondischargeability of debts owed or made payable to third parties. *In re Williams,* 703 F.2d 1055 (8th Cir.1983); *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983). This Court likewise finds that the judgment awarded to

Mr. Giffen is not a dischargeable assignment.

Debtor also contends that the debt for attorney fees is not in the nature of alimony, support or maintenance. As stated previously, although bankruptcy law determines what constitutes alimony, maintenance or support, this Court often looks to state law for guidance. The applicable statute in Kansas is K.S.A. (1982 Supp.) 60–1610. That section states:

"Decree. Authorized Orders.

*A decree in an action under this article may include orders on the following matters:*

*(a) Minor Children.*

\* \* \* \* \* \*

*(2) Child Custody.*

*(A) Changes. Subject to the provisions of the uniform child custody jurisdiction act (K.S.A. 38–1301 et seq. and amendments thereto), the court may change or modify any prior order of custody when a material change of circumstances is shown.*

\* \* \* \* \* \*

*(b) Financial Matters.*

\* \* \* \* \* \*

*(4) Costs and Fees. Costs and attorneys' fees may be awarded to either party as justice and equity require. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name in the same case."*

Thus, Kansas courts may award attorney fees in connection with the original divorce proceeding and subsequent proceedings regarding child custody.

In assessing or awarding attorney fees, Kansas courts generally consider the parties' relative financial abilities and needs, among other factors. See *Moran v. Moran,* 196 Kan. 380, 411 P.2d 677 (1966); *Dunn v. Dunn,* 2 Kan.App.2d 347, 595 P.2d 349 (1979); *Neis v. Neis,* 3 Kan.App.2d 589, 599 P.2d 305 (1979).

This Court has previously ruled that an attorney fee award is in the nature of ali-

mony, maintenance or support when the recipient spouse is in such dire financial need that that spouse cannot pay the attorney fee and basic living expenses. See *In re Rank, supra.*

Here, at the time of the September 17, 1981 custody hearing, plaintiff was in financial need. She had minimal income, if any, from a part-time job, plus $600.00 per month in child support. She had remarried in 1979 so she no longer was receiving alimony. Thus, she only had about $600.00 a month to support the two children. Yet in 1981, the debtor made $42,000.00 as president of American Metals. The divorce court undoubtedly found that plaintiff was not in a position to pay living expenses and $7,253.83 in attorney fees but that debtor could afford to pay such fees. Thus, the attorney fee award was necessitated by the great disparity in the parties' financial abilities, just as the original orders for support and alimony were necessitated by such disparity. Therefore, the Court concludes that the attorney fee award is in the nature of alimony, support or maintenance.

The final issue with respect to the attorney fee debt is whether it arose *"in connection with a separation agreement, divorce decree, or property settlement agreement"* as required by § 523(a)(5). The debtor argues it is not, since it arose out of a custody proceeding four years after the divorce decree.

Other courts have construed this "in connection with" language. In many cases courts have found attorney fees arising from child support collection or contempt proceedings nondischargeable. In *In re La Fleur,* 11 B.R. 26, 29 (Bkrtcy.D.Mass.1981) the court stated: *"where a payment provision appears to be reasonably necessary to insure the enforcement of an obligation for child support it should be considered part of the non-dischargeable debt."* See also, *In re Dupont,* 19 B.R. 605 (Bkrtcy.E.D.N.Y. 1982); *Matter of Glover,* 16 B.R. 213, CCH ¶ 68,532 (Bkrtcy.M.D.Fla.1981).

In *In re Graham,* 14 B.R. 246 (Bkrtcy.W. D.Ky.1981) the court held attorney fees incurred in an action for child support arrear-

age *ten years* after the divorce decree was nondischargeable. In spite of the long time period between the two proceedings, much longer than the four year interim herein, the court found the child support collection action was *"in connection with"* the divorce proceeding. As the court explained at page 248, the child support arrearage judgment *must* be connected with the divorce, because *"Judgments do not materialize out of thin air."* It proceeded to hold that court costs and attorney fees directly related to the judgment for arrearage must be treated as nondischargeable as well.

One case has been found where attorney fees in a child support proceeding were not found nondischargeable. In *In re Rediker,* 25 B.R. 71 (Bkrtcy.M.D.Tenn.1982), the debtor had obtained an ex parte divorce in 1966. His wife and children were in West Germany at the time. The decree made no provision for child support. In 1979, his ex-wife petitioned for child support; in 1980, the debtor filed bankruptcy; and in 1981, the ex-wife was awarded a judgment for $13,950.00 in child support, plus $1,800.00 travel expenses and $1,000.00 attorney fees. The bankruptcy judge curiously held that the travel expenses and child support were nondischargeable but the attorney fees were dischargeable. He found that the travel expenses were necessarily incurred in the collection of child support, and thus were in the nature of support. He further found the attorney fees dischargeable because the state court had not characterized the fees as child support. This finding, of course, contravened the legislative history of § 523(a)(5) that bankruptcy law, not state law, determines what is support; and it contravened the well settled rule that state court characterizations or lack thereof are not controlling.

The instant case is distinguished from the cited cases in that plaintiff incurred attorney fees in *defending* a change of custody action, rather than in collecting child support arrearages. *In re Morris,* 14 B.R. 217, 5 C.B.C.2d 371 (Bkrtcy.D.Colo.1981) is more factually similar. There the debtor and his ex-wife had been ordered to split attorney fees incurred by their child in a post-divorce child *visitation proceeding.* Under Colorado law, the child was entitled to legal representation in such proceedings. The court found that the debtor's obligation to pay half of the attorney fees was in connection with the divorce and thus was nondischargeable.

Here the attorney fees were incurred by the ex-wife in a child custody proceeding; but the principles of the *Morris* case and the child support collection cases should apply herein. As in *Morris,* the instant attorney fees were incurred because one party chose to dispute or have changed, certain provisions in the divorce decree. As in the child support collection cases, the instant attorney fees arose in a post divorce proceeding *directly related* to the original divorce proceeding. This satisfies the Court's common sense definition of *"in connection with a divorce decree."*

Furthermore, it would be manifestly inequitable to discharge these attorney fees and make plaintiff liable. Had plaintiff initiated the custody action, the Court would be hesitant to encumber the debtor's fresh start with post divorce battle expenses. However, debtor/defendant initiated the action, thus forcing the plaintiff to defend the custody order in the decree. Moreover, debtor pursued the action for over a year, causing plaintiff to incur excessive attorney fees, and then ultimately dismissed his action. The Court finds, therefore, that the plaintiff should not now be saddled with expenses she was forced to incur due to the action taken by the defendant/debtor herein. The Court further finds that the attorney fees incurred resisting the motion for change of custody, are in connection with the divorce decree; are in the nature of alimony, support or maintenance; and are not assigned. The Court further finds that the judgment for $7,253.83 be and the same hereby is nondischargeable.

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52 OF

THE FEDERAL RULES OF CIVIL PRO-
CEDURE.