In re Angel Luis VAZQUEZ, Debtor.

Fred M. DELLAPA, Plaintiff,

v.

Angel Luis VAZQUEZ, Defendant.

Bankruptcy No. 87–03488–BKC–TCB.
Adv. No. 87–0559–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 3, 1988.

Sandy Karlan, Miami, Fla., for plaintiff.

Ashley L. Diener, Hialeah, Fla., for debtor.

Brian R. Hersh, Miami, Fla., for defendant.

Gui Govaert, Trustee.

## ORDER DENYING REHEARING AND CLARIFICATION OF TIME TO APPEAL

THOMAS C. BRITTON, Chief Judge.

By an Order on Dischargeability of Debt entered January 7, concluding this adversary proceeding, I held that a debt in the amount of $4,500 owed by this debtor to his ex-wife's attorney for services rendered by the attorney to the debtor's ex-wife is excepted from discharge under the provisions of 11 U.S.C. § 523(a)(5). (CP 7).

The debtor/defendant's motion for rehearing and alternative motion to extend appeal time for 20 days (CP 8) was timely and was heard February 1.

The motion for rehearing is denied. The motion for extension of the time to appeal is denied; the time to appeal set forth in the Bankruptcy Rules extends without court order until the *10th day* after the date of this order.

The debtor did not at trial, nor does he now take issue with this court's conclusion that a debt owed to an attorney is excepted from discharge if the spouse would be entitled to an exception from discharge had she paid for the services. That conclusion is supported by the great weight of authority and was long ago adopted by this court.

The debtor's point is that a substantial portion of the services performed by this attorney pertain to a custody dispute as distinct from alimony, maintenance or support of the spouse or child. I rejected this contention and held:

> "that visitation is sufficiently related to child support so as to bring the award of attorney's fees to the plaintiff within the purview of § 523(a)(5) which mandates that child support awards are not dischargeable."

The motion for rehearing cites *Shaw v. Smith* (*In re Shaw*) 67 B.R. 911, 914 (Bankr.M.D.Fla.1986), in which Judge Paskay held that an attorney's services rendered to the mother:

> "merely in connection with litigation involving the natural father's right of visitation"

does not fall within the protection of § 523(a)(5). The issue came to him from a paternity suit, not a divorce action. It is not clear whether Judge Paskay would have reached a contrary conclusion had the issue arisen (as it did here) in connection with a divorce action. However, Judge Paskay cited no authority for his conclusion and expressly declined to pass on the question whether attorney services in a

**850**

paternity action are protected by § 523(a)(5).

If the decision is intended as precedent where the visitation dispute arises in connection with a divorce decree, I decline to follow Judge Paskay's decision. In the following four cases, bankruptcy judges have held, as did I, that a dispute over custody is sufficiently related to alimony, maintenance or support of the spouse or child in connection with a divorce decree to be embraced within the exception provided by § 523(a)(5): *Deeb v. Morris (In re Morris )*, 14 B.R. 217, 219 (Bankr.D.Colo.1981); *King v. Cowley (In re Cowley )*, 35 B.R. 520, 524 (Bankr.D.Kan.1983); *Matter of Coleman*, 37 B.R. 120, 125 (Bankr.W.D.Wis.1984); and *Ostrow v. Schwartz (In re Schwartz )*, 53 B.R. 407, 411 (Bankr.S.D.N.Y.1985). I am aware of no decision reaching a contrary result, unless Judge Paskay's decision (which makes no reference to these earlier cases) passes on the same point. If so, I elect to follow my other four colleagues.

The foregoing decision makes it irrelevant to determine what *portion* of the services pertained to the custody dispute. However, I find from the evidence before me that only 25% of the services in question should be allocated to the dispute over visitation. The remaining 75% clearly pertain to enforcement of the child support obligation provided in the divorce decree. The visitation issue was injected by the debtor/husband when he was brought into the divorce court after his default on his support obligation.

It is for the foregoing reasons that I have denied rehearing.

■ The motion to extend the appeal time is, of course, governed by B.R. 8002(c). However, since the extension was sought in conjunction with a motion for rehearing, B.R. 8002(b) applies. The time for appeal shall run from the entry of an order denying a timely motion for new trial. B.R. 8002(b). Therefore, the time for appeal only begins to run with the entry of this order. Movant's request for an extension was made within this period.

The appeal time of 10 days under B.R. 8002(a) provides adequate time for this party to file its notice of appeal, and movant's request for 20 days, though within the maximum permitted by B.R. 8002(c), is neither necessary nor reasonable.