**In the Matter of Angel Luis VAZQUEZ, Debtor.**

**Fred M. DELLAPA, Plaintiff,**

**v.**

**Angel Luis VAZQUEZ, Defendant.**

**No. 88–0683–Civ.**

United States District Court,
S.D. Florida.

Oct. 27, 1988.

Sharon B. Jacobs and Sandy E. Karlan, Miami, Fla., for plaintiff.

Brian R. Hersh, Miami, Fla., for defendant.

## FINAL ORDER ON APPEAL FROM BANKRUPTCY COURT

NESBITT, District Judge.

This bankruptcy appeal presents the issue of whether a debtor's obligation to pay attorney's fees owed by the debtor to his ex-wife's attorney for services relating to visitation which were rendered in post-dissolution proceedings are within the nature of "alimony, maintenance, or support" under § 523(a)(5) of the Bankruptcy Code, 11 U.S.C. § 523(a)(5) (1982 & Supp.1986).

### FACTS

The debtor, Angel Luis Vazquez, was divorced from his wife in June 1986. A Florida state court awarded custody of the couple's only child to Vazquez' wife, and Vazquez was awarded visitation rights. Subsequent to their divorce, Vazquez and his ex-wife became involved in post-dissolution litigation regarding such matters as visitation, custody, contempt, and child support. In those proceedings, Vazquez was ordered by a Florida state court to pay his ex-wife's attorney, Fred M. Dellapa, attorney's fees and costs in the total amount of $4,500. Ten days later, Vazquez filed an application for bankruptcy under Chapter 7 of the Bankruptcy Code.

During the course of the bankruptcy proceedings, Dellapa filed a complaint to determine the dischargeability of the $4,500.00 obligation for attorney's fees. After a hearing, the bankruptcy court found that the attorney's fees were nondischargeable under § 523(a)(5).

Subsequently, Vazquez filed a motion for a rehearing, contending that the obligation to pay attorney's fees to Dellapa was dischargeable. Thereafter, the bankruptcy court denied Vazquez' request for a rehearing. *In re Vazquez*, 84 B.R. 848 (S.D.Fla. 1988). This appeal followed.

### DISCUSSION

The Bankruptcy Code clearly provides that the obligations of a spouse to pay alimony, maintenance or support either to a spouse or children are nondischargeable obligations. The meritorious issue raised by this appeal but yet to be decided by the Eleventh Circuit is whether attorney's fees incurred by a spouse in post-dissolution proceedings on issues of visitation should be nondischargeable; that is, whether visitation is *"in the nature of* alimony, maintenance, or support" under § 523(a)(5) of the Bankruptcy Code (emphasis added).

Section 523(a)(5) provides, in pertinent part, that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, *in connection with a separation agreement, divorce decree,* or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actual-

ly *in the nature of alimony, mainte-nance, or support.*

*Id.* (emphasis added).

The bankruptcy court, in its order on dischargeability of debt dated January 6, 1988, rejected Vazquez' contention that, because a substantial portion of the services rendered by his ex-wife's attorney pertained to a custody dispute—and more specifically, visitation rights—such debt was dischargeable. The bankruptcy court specifically found that

> visitation is sufficiently related to child support so as to bring the award of attorney's fees to the Plaintiff within the purview of Section 523(a)(5) which mandates that child support awards are not dischargeable.

This court agrees with the bankruptcy court that attorney fees incurred pertaining to the issue of visitation are "in the nature of alimony, maintenance, or support" under § 523(a)(5). At least two other bankruptcy courts have addressed the precise issue before this court today, and both have concluded that visitation is in the nature of alimony, maintenance, or support. In *In re Schwartz*, 53 B.R. 407 (S.D.N.Y. 1985), the debtor contended that fees incurred on the issues of custody, visitation, and religious upbringing of the debtor's children did not fall within the purview of § 523(a)(5). The court, in rejecting this argument, noted that "there is no warrant for that construction. The statute requires only that the debt *fall in* one of [the] three categories ..., not that it be fees incurred litigating only those issues." *Id.* at 411 (emphasis added). Moreover, in *In re Cowley*, 35 B.R. 520, 525 (D.Kan.1983), the court, faced with the same issue, held that "attorney fees incurred resisting the motion for change of custody ... are in the nature of alimony, support or maintenance." These decisions appear to this court to be based upon logical and sound reasoning. Vazquez proffers no reason which would justify departing from the majority rule and treating visitation differently from alimony, maintenance, or support. Vazquez urges the court to reject an expansive statutory interpretation and to in-stead construe the statute narrowly. The Debtor's construction of § 523(a)(5)(B) of not excepting from discharge attorney's fees relating to visitation and custody, merely because the statute does not specifically refer to those issues, is unjustifiably restrictive and narrow. Neither public policy, the statutory language, nor the legislative history supports the view that Congress intended to exclude a debt incurred by a spouse litigating visitation issues from the statute's purview.

Vazquez concedes that *In re Schwartz* and *In re Cowley* are indistinguishable, but urges this court to reject those courts' readings of the statute and to instead afford it a more narrow interpretation. Vazquez cites as principal support for his position *Matter of Shaw*, 67 B.R. 911 (M.D. Fla.1986). In *Shaw*, the court held that an attorney's services rendered to the mother "merely in conjunction with litigation involving the natural father's right of visitation" does not fall within the protection of § 523(a)(5). *Id.* at 914. *Shaw*, however, involved a paternity suit and not a divorce action. Further, that court *expressly* refused to resolve the issue of whether attorney fees in a paternity action are protected under § 523(a)(5). In short, this court believes that *Shaw* is distinguishable and should be confined to its own facts.

In light of the foregoing, it is unnecessary to reach Vazquez' second and final argument, that the bankruptcy court's finding that only 25% of the attorney's fees were incurred on the issue of visitation was clearly erroneous. Accordingly, it is hereby

ORDERED and ADJUDGED that the judgment of the bankruptcy court is AFFIRMED.