In re Linda GONZALEZ, Debtor.

Edgar CHAMORRO, Plaintiff

v.

Linda GONZALEZ, f/k/a Linda Chamorro, Defendant.

Bankruptcy No. 89–13288–BKC–SMW. Adv. No. 89–0469–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Nov. 17, 1989.

D. Jean Ryan, Miami, Fla., for defendant/debtor.

Santiago Leon, South Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on October 31, 1989, on the regularly scheduled trial of the former husband's Complaint to Determine Dischargeability of Debt against his former wife, a Chapter 7 debtor, and the Court, having reviewed the evidence presented, and fully considered the arguments of counsel, does hereby make the following findings of fact and conclusions of law:

The former husband appeared through counsel at this trial and relied on documents attached to his initial complaint seeking a determination from this Court that a debt allegedly owed by the debtor to her former husband is nondischargeable in bankruptcy. The documents attached to the complaint consisted of an Order on Emergency Petition for Protection of Rights of Visitation, dated July 14, 1988 and a Final Judgment dated April 24, 1989, which merely sets forth that the former husband shall be entitled to recover from the debtor, the total of $23,058.17, with accruing interest. There is no statement or finding in the copy of the Final Judgment that was presented to this Court that would establish the basis of this award. Counsel for the Plaintiff presented no witnesses nor any further evidence. Counsel further stipulated that in the state court proceedings there were no disputes as to child support or custody, and that the only disputes involved issues of visitation.

It is the former husband's position that the cases cited in his Memorandum in Support of Complaint to Determine Dischargeability of Debt, establish that visitation issues are sufficiently related to child support so as to bring the award of attorney's fees within the purview of Section 523(a)(5), which mandates that child support awards are not dischargeable. In reliance of these cases, particularly the case of *In re Vasquez*, 84 B.R. 848 (Bankr.S.D.Fla.1988) *aff'd*, 92 B.R. 533 (S.D.Fla.1988), it is the former husband's further position that he is entitled to judgment in his favor, as a matter of law.

Counsel for the debtor/defendant appeared and submitted, without objection, copies of an affidavit submitted by the debtor in the state court divorce proceedings, reflecting that she had never received notice of the hearing which resulted in the July 14, 1988 Order, a motion for relief from that order, a motion to appoint a guardian to represent the children's interests, (all of which were dated July 19, 1988), and a letter from the former hus-

band's counsel, dated July 27, 1988, which in the opening paragraph states:

> This will confirm, as was stated before Judge Michael Salmon in chambers on Monday, July 25, 1988, that Respondent, Edgar Chamorro, does not wish to pursue his efforts to exercise his right of visitation with his children ..., at this time.

The debtor appeared with witnesses and further evidence to proceed on the merits of this cause. However, the Court finds, for the reasons set forth below, that the Plaintiff has failed to meet his burden of establishing a *prima facie* case and accordingly, enters judgment in favor of the debtor, finding that the debt owed is an obligation which is dischargeable in bankruptcy.

 It is axiomatic under bankruptcy law that the burden of proof in objecting to the discharge of a debt is on the party asserting the objection, (Bankruptcy Rule 4005) and that objections to discharge are to be strictly construed in order not to fraustrate the debtor's fresh start. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Schwieg v. Hunter, (In re Hunter)*, 780 F.2d 1577 (11th Cir.1986). Further, dischargeability issues must be determined by the substance of the liability rather than its form. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). It must be determined that a debt is squarely within the statutory exception before it can be deemed nondischargeable. *Household Finance Corp. v. Danns*, 558 F.2d 114 (2nd Cir.1977); *In re Dolnick*, 374 F.Supp. 84 (Ill.D.1974); *Hennessy Cadillac v. Green*, 5 B.R. 247 (Ga.D.1980). As raised by the issues in the present case, whether a debt for attorneys fees can be sufficiently related to support is a question of fact to be decided by the bankruptcy court as trier of fact in light of all of the facts and circumstances relevant to the intention of the parties. *In re Snider*, 62 B.R. 382 (Bankr.S.D.Tx.1986) citing *In re Williams*, 703 F.2d 1055, 1057–58 (8th Cir. 1983).

It is also fundamental that a bankruptcy court is not limited to a review of the judgment and record in a prior state court proceeding when determining the dischargeability of a debt, and that the doctrine of *res judicata* does not prevent the parties from introducing additional evidence. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The Court finds that all of the cases relied upon by the former husband's counsel set forth extremely egregious behavior directly related to visitation issues, and/or related disputes involving child custody or child support issues. In these instances, attorney fees incurred pertaining to the issue of visitation are sufficiently related to debts "in the nature of alimony, maintenance and support" to render the debt nondischargeable in bankruptcy. (See *Vasquez*, 84 B.R. 848 at 849 and 92 B.R. 533 at 535.) These issues may have existed in the case at bar; however, the date for trial has passed and plaintiff's counsel has failed to convince the Court that a factual basis exists that would establish the exact nature of the award or that it was sufficiently related to alimony, maintenance or support to constitute a debt nondischargeable in bankruptcy.

Additionally, unlike the District Court finding in *Vasquez*, (*Vasquez supra*. at 535) the debtor in this case has proffered reasons which would justify treating this award differently from alimony, maintenance and support.

 In summary, the Court finds that the former husband has failed to establish a *prima facie* case, and has otherwise failed to meet the burden of proof necessary for this Court to determine that the debt at issue is an award of attorney's fees based on visitation issues or that such an award is sufficiently related to alimony, maintenance and/or support to bring it within the purview of § 523(a)(5). Accordingly, the Court finds that this debt is an obligation which is dischargeable in bankruptcy.