NOT DESIGNATED FOR PUBLICATION

No. 119,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF THE MARRIAGE OF
CHEREE LAFOREST,
*Appellant*,

and

JEREMY LAFOREST,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed August 16, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Jennifer A. Wagle*, of Wagle & Turley, LLC, of Wichita, for appellant.

*Jeremy LaForest*, appellee pro se.

Before BRUNS, P.J., MALONE, J., and STEVEN E. JOHNSON, District Judge, assigned.

PER CURIAM: Cheree LaForest appeals the district court's judgment in her divorce from Jeremy LaForest. She raises two issues on appeal. First, Cheree claims the district court erred when it ordered her to pay attorney fees on Jeremy's motion to set aside a default judgment. Second, she claims the district court abused its discretion when it denied her request for spousal maintenance. We grant relief to Cheree on the order for attorney fees but deny her request for relief on the denial of spousal maintenance.

1

FACTUAL AND PROCEDURAL BACKGROUND

We will review the facts only as needed to address the issues on appeal. Cheree and Jeremy married in June 2011 and were married about four years before Cheree filed for divorce on August 4, 2015. The couple had one child during the marriage.

Along with the divorce petition, the district court entered a temporary order for Jeremy to pay $599 per month in child support, $275 per month in spousal support, and one-half of certain recurring monthly debts. The district court also granted a temporary parenting plan which gave the parties joint legal custody of the child with Cheree having the primary residential custody.

A few months later, Jeremy moved to modify the temporary order, and on November 16, 2015, the parties agreed to terminate the spousal support payments. They also agreed Jeremy would increase his child support payments to $735 per month.

In December 2015, Cheree filed an affidavit in contempt alleging that Jeremy violated the court's orders to make payments on his portion of the outstanding household bills. Cheree asked to recover her legal fees for bringing the contempt action. The district court held a hearing on the contempt action on February 2, 2016, and it was continued over to the next day. The district court ordered Jeremy to pay the marital debts within 14 days. The district court did not make a ruling on contempt but consolidated this issue with others for resolution at trial if the parties failed to agree before the trial date.

After the contempt hearing, the case stalled for over 10 months. On December 20, 2016, Cheree moved to settle a proposed journal entry of judgment and decree of divorce. The motion requested the district court to "settle the outstanding Journal Entry of Judgment and Decree of Divorce and Agreed Permanent Parenting Plan herein; for attorney's fees, and any other and further relief as the Court deems just and equitable." On

2

January 3, 2017, the parties appeared in court, but the hearing on the motion to settle was continued for one week. Both parties signed the continuance document.

On January 10, 2017, neither Jeremy nor his counsel appeared at the scheduled hearing on the motion to settle. Cheree's counsel recited the history of the case to the court, including her claim that she had sent a proposed journal entry and decree of divorce to Jeremy's counsel on September 21, 2016. She also claimed that the "case came up for dismissal" in October 2016 and the court would not allow any extensions. Cheree's counsel did not actually ask for a default judgment to be granted against Jeremy, but she asked for sanctions and attorney fees caused by the delays. After hearing from Cheree's counsel, the district court granted the motion and entered a judgment consistent with Cheree's proposed journal entry of judgment and decree of divorce. The judge stated:

> "There's little doubt that [Jeremy's counsel] had notice of today's hearing. Let the record reflect that it is an hour and 18 minutes past the docket call this morning, and he is not here, doesn't seem to be responding to [any] phone calls.
>
> "It sounds like you have had countless problems with [Jeremy] in this case and that the case has been pending for a long time largely as a result of that. It's set for pretrial, but there's always that issue, also, of the potential that the case could get dismissed for lack of prosecution.
>
> "I am going to order that the journal entry or judgment and decree of divorce previously prepared by [Cheree's] counsel along with the agreed parenting plan previously prepared by [Cheree's] counsel and sent to [Jeremy's] counsel late September of last year . . . be entered as orders of the Court . . . ."

Almost a month later, Jeremy moved to set aside the judgment alleging the default judgment entered against him at the hearing on the motion to settle was improper. The district court held a hearing on February 13, 2017. After hearing arguments of counsel, the district court left the divorce in place but set aside the orders relating to the division of assets, debts, and attorney fees and ordered those issues be set for a pretrial conference. The court also set aside the orders of spousal maintenance and contempt.

3

The parties submitted a joint pretrial conference order at the end of February 2017. This document listed the contentions of both parties and included a request by Jeremy to recover attorney fees on his motion to set aside the default judgment.

The district court held a trial on May 10, 2017. The trial was presided over by a different judge than the one who had granted and then set aside the default judgment against Jeremy. In addition to Cheree and Jeremy testifying at trial, the only other witness was a legal assistant for Jeremy's attorney who explained that the attorney was at another hearing on January 10, 2017, when he failed to appear at the hearing on Cheree's motion to settle. After hearing the evidence, the district court made a partial ruling from the bench. The district court later entered a written order resolving all issues in the divorce.

The district court made two findings in its written order that Cheree now appeals. First, the district court ordered that "[n]either party shall pay spousal support to the other party." Second, the district court ordered that Jeremy "is awarded fees . . . for preparation and prosecution of his Motion to Set Aside the Default Judgment." The district court later set the amount of attorney fees at $1,022.50 and ordered that the fees be paid as an offset against Jeremy's monthly child support obligation. Cheree timely moved to alter and amend the judgment. After holding a hearing, the district court denied all requests in the motion. Cheree timely appealed the district court's judgment.

Cheree has filed a brief in our court raising three issues. First, she claims the district court abused its discretion in failing to find Jeremy in contempt for failure to pay debts under the temporary order and in failing to award her attorney fees for filing the contempt action. Second, she claims the district court erred when it ordered her to pay attorney fees on Jeremy's motion to set aside the default judgment and in ordering that the fees be paid as an offset against Jeremy's child support obligation. Third, she claims the district court abused its discretion in failing to award spousal maintenance.

4

Our review of the record disclosed that on September 4, 2018, Cheree filed a status report with this court that included an order awarding her reasonable attorney fees in the amount of $1,022.50 for bringing her contempt motion against Jeremy. As a result, this court issued an order for Cheree to show cause why the first issue in her brief should not be dismissed as moot. Cheree responded to the show cause order and confirmed that the first issue in her brief is moot "and that the only issues remaining for consideration are Issues II and III." Thus, this opinion will address only those two issues.

ATTORNEY FEES

Cheree argues that the district court erred when it ordered her to pay attorney fees to Jeremy for the prosecution of his motion to set aside the default judgment. But even if we find that the district court did not err in awarding attorney fees to Jeremy, Cheree argues that the court erred in ordering that the fees be paid as an offset against his child support payments. Jeremy argues that the district court did not abuse its discretion in ordering Cheree to pay his attorney fees for the motion to set aside the judgment and in ordering that the fees be paid as an offset against his monthly child support obligation.

Appellate review of the award of attorney fees has multiple steps. First, whether the district court had authority to award attorney fees is a question of law over which appellate review is unlimited. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013); see also *In re Marriage of Williams*, 52 Kan. App. 2d 440, 452, 367 P.3d 1267 (2016) (applying the unlimited standard of review in a divorce action), *aff'd* 307 Kan. 960, 417 P.3d 1033 (2018). Second, if the district court had authority to award attorney fees, we review the decision to do so for an abuse of discretion. *Rinehart*, 297 Kan. at 942. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

5

We first examine whether the district court had *authority* to award attorney fees on Jeremy's motion to set aside the judgment. Under K.S.A. 2018 Supp. 23-2715, a district court has the authority in a divorce case to award costs and attorney fees to either party if the award is needed to achieve "justice and equity." Here, the district court found that "[Jeremy] should not have had to expend attorney's fees to file or defend" himself against a default judgment. Based on this finding alone, we conclude that the district court had the legal *authority* to award Jeremy attorney fees as required by justice and equity under K.S.A. 2018 Supp. 23-2715.

We next examine whether the district court abused its discretion in awarding the attorney fees. To do so, we will briefly review the facts. After the hearing on Cheree's contempt action on February 3, 2016, the case stalled for over 10 months. Cheree moved to settle her proposed journal entry of judgment and decree of divorce. The district court held a hearing on January 3, 2017, and both parties appeared in court on that date. The hearing was continued for one week and both parties signed the continuance document.

On January 10, 2017, neither Jeremy nor his counsel appeared in court. Cheree's counsel explained that she had sent a proposed journal entry of judgment to Jeremy's counsel in September 2016, and she filed her motion to settle the journal entry after the "case came up for dismissal." After hearing from Cheree's counsel, the judge stated, "It sounds like you have had countless problems with [Jeremy] in this case and that the case has been pending for a long time largely as a result of that. It's set for pretrial, but there's always . . . the potential that the case could get dismissed for lack of prosecution." The district court granted the motion to settle and entered judgment consistent with Cheree's proposed journal entry of judgment and decree of divorce.

Almost a month later, Jeremy moved to set aside the judgment and the district court held a hearing on February 13, 2017. After hearing arguments of counsel, the district court left the divorce in place but set aside the provisions that related to the

6

division of assets, spousal maintenance, and attorney fees. The parties later filed a pretrial conference order in which Jeremy asked to recover attorney fees for prosecuting his motion to set aside the default judgment.

The case was later tried before a different judge than the one who had granted and then set aside the default judgment against Jeremy. After hearing the trial evidence, the district court ruled from the bench that "the parties should have agreed that the default judgment should have been set aside." In its written order, the district court found that Cheree's motion to settle "did not properly comply with statute and [Jeremy] was not on reasonable notice that a default would be taken." In response to Cheree's motion to alter and amend the judgment, the district court found that "it may very well have been inappropriate" for Cheree to file the motion to settle in the first place. The district court also found that "[u]sing that motion as a springboard to accepting a default judgment without K.S.A. 60-255 compliance was improper." Thus, the court awarded Jeremy $1,022.50 in attorney fees for prosecuting his motion to set aside the judgment.

Our review of the record leads us to conclude that the district court's decision to award attorney fees to Jeremy for his motion to set aside the judgment was based on errors of fact and law and was unreasonable under the circumstances. Cheree's motion to settle made it clear that she was asking the district court to grant judgment consistent with her proposed journal entry. The motion was set for hearing on January 3, 2017, but was continued for one week. Although Jeremy and his counsel had notice of the continuance, they failed to appear at the hearing the next week. Thus, the district court erred in finding that Jeremy "was not on reasonable notice" that a judgment could be taken against him.

After hearing from Cheree's counsel, the district court granted the motion to settle and entered judgment consistent with Cheree's proposed journal entry of judgment and decree of divorce. Under these circumstances, Cheree did not have to file a separate

motion for default judgment under K.S.A. 2016 Supp. 60-255, so the district court erred in finding that her motion to settle "did not properly comply with statute."

We also find no basis for the district court's findings that "it may very well have been inappropriate" for Cheree to file her motion to settle in the first place and that "using that motion as a springboard to accept a default judgment without K.S.A. 60-255 compliance was improper." According to Cheree's counsel, she filed the motion to settle after the "case came up for dismissal." In granting Cheree's motion to settle the judge stated that "it sounds like you have had countless problems with [Jeremy] in this case" and there was "the potential that the case could be dismissed for lack of prosecution." These finding are inconsistent with the second judge's finding that "the parties should have agreed" to set aside the default judgment.

Under the facts and circumstances here, we conclude the district court abused its discretion when it ordered Cheree to pay the attorney fees Jeremy incurred for filing his motion to set aside the default judgment. As a result, we reverse that order and remand with directions for the district court to set aside the award of $1,022.50 in attorney fees for Jeremy. We note briefly that even if we were upholding the award of attorney fees, we would find that the district court erred by ordering the attorney fees to be offset against Jeremy's child support obligation. This order deprives the child of funds designated for the child's benefit and also amounts to a deviation from the child support guidelines without the proper finding that the deviation was in the child's best interest. Finally, according to the status report and order filed with this court on September 4, 2018, the attorney fees awarded to Jeremy on the motion to set aside the default judgment have been offset against the attorney fees awarded to Cheree on the contempt action, so the same award cannot be offset a second time against child support.

Cheree argues that the district court abused its discretion when it denied her request for spousal maintenance. Jeremy argues that the district court did not abuse its discretion when it ordered that neither party shall pay spousal support to the other party. In denying Cheree's request for spousal maintenance, the district court found:

> "Neither party shall pay spousal support to the other party due to the Respondent's inability to pay; the unequal award of the value of the marital resident to the Petitioner; the short term length of the marriage; the agreement of the Respondent to pay extra child support in lieu of maintenance during the temporary order period; and the passage of time since the filing of the case in 2015, which suggest that Petitioner has no demonstrable need for additional maintenance as of the date of the trial, however tight her finances may be. The court declines to exercise its discretion in awarding spousal support for these reasons."

An award of spousal maintenance is governed by K.S.A. 2018 Supp. 23-2901 et seq. The district court has wide discretion over spousal maintenance. *In re Marriage of Hair*, 40 Kan. App. 2d 475, 483, 193 P.3d 504 (2008). An appellate court generally reviews a district court's maintenance award for abuse of discretion. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 706, 299 P.3d 1187 (2010). The party asserting the district court abused its discretion bears the burden of showing the abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

> "In *Williams v. Williams*, 219 Kan. 303, 306, 548 P.2d 794 (1976), the court set forth elements that a district court may consider in determining whether to award maintenance, including: (1) the age of the parties; (2) the parties' present and prospective earning capabilities; (3) the length of the marriage; (4) the property owned by the parties; (5) the parties' needs; (6) the time, source, and manner of acquisition of property; (7) family ties and obligations; and (8) the parties' overall financial situation." *In re Marriage of Hair*, 40 Kan. App. 2d at 484.

9

Cheree argues that the district court abused its discretion in denying spousal maintenance for several reasons. She first argues that the district court did not properly analyze the present and future earning capacities of the parties. Cheree was unemployed during most of the marriage but returned to work shortly before filing for divorce. She testified to earning "about $20,042" per year. Jeremy testified to earning about $50,000 to $72,000 depending on his position and the number of hours he was allowed to work. Cheree asserts that the income disparity supported her claim for spousal maintenance.

Cheree also briefly asserts that the district court erred by denying spousal maintenance based on its decision to award the marital residence to her. She argues that she received no other significant assets and no retirement accounts, so the property division did not affect her need for help to pay her monthly bills.

Cheree also argues that the district court abused its discretion in relying on an error of fact in making its spousal maintenance determination. The district court found that the parties had agreed that Jeremy would pay extra temporary child support in lieu of spousal maintenance. But this finding is unsupported by the record because the $735 per month temporary child support Jeremy agreed to pay did not exceed the amount he should have paid under the Kansas Child Support Guidelines.

Finally, Cheree argues that the district court abused its discretion in denying spousal maintenance based on "the passage of time since the filing of the case in 2015, which suggests that [Cheree] has no demonstrable need for additional maintenance as of the date of the trial, however tight her finances may be." Cheree argues this is not an "appropriate factor" for the court to consider when deciding spousal maintenance.

We agree with Cheree that the district court made an error of fact when it found that Jeremy paid extra temporary child support in lieu of spousal maintenance. But this error of fact, standing alone, does not lead us to conclude that the district court's decision

to deny spousal maintenance was an abuse of discretion. We also agree with Cheree that the district court would have been within its discretion to award spousal maintenance based on the income disparity between the parties even though Cheree managed to make ends meet without a temporary maintenance award. But we also recognize that the parties were only married for about four years and that the length of the marriage is a legitimate factor for the district court to consider in awarding spousal maintenance.

We give considerable deference to the district court in making an award for spousal maintenance. Although the issue may be close, we will not substitute our judgment for that of the district court based on the record presented here. We conclude that Cheree has not met her burden of showing that the district court abused its discretion when it denied her request for spousal maintenance.

Affirmed in part, reversed in part, and remanded with directions.

11